DOUGLAS MATTHEWS v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND G. PERRY GREENE

No. 7710SC271

(Filed 4 April 1978)

**Appeal and Error § 9— review of preliminary injunction—mootness**

Writ of certiorari to review a preliminary injunction staying plaintiff's dismissal as a highway patrolman without a hearing is dismissed as presenting moot issues where plaintiff has been afforded the administrative remedies sought by his request for injunctive relief by an order of the State Personnel Commission remanding the cause for further grievance procedures and the preliminary injunction has expired by its own terms, and where the statutes in question have been substantially amended and the issues involved are no longer a matter of public interest.

ON writ of certiorari to review the orders of *Bailey, Judge,* entered 23 December 1976 and 30 December 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 31 January 1978.

The plaintiff, Douglas Matthews, filed a complaint on 23 December 1976, in which he alleged he had been wrongfully discharged without notice or hearing from the North Carolina Highway Patrol on 22 December 1976 by the defendant, G. Perry Greene, Secretary of the North Carolina Department of Transportation. The plaintiff further alleged the defendant Greene held a press conference on 22 December 1976, during which he publicly announced that the defendant was being dismissed for violations of the "Highway Patrol Code of Conduct," including misuse of firearms and use of excessive force in the apprehension of a suspect. The allegations against the plaintiff arose from his participation in a law enforcement roadblock which resulted in the death of a hostage.

In his complaint, the plaintiff alleged that his discharge without a hearing denied him rights specifically granted by the State Personnel Act, G.S., Chapter 126. He additionally alleged that his discharge and the public statements made in the press conference of the defendant Greene foreclosed other employment opportunities to him and damaged his standing and reputation. The plaintiff alleged that these actions were malicious and deprived him of liberty without due process of law in violation of the Civil Rights Act, 42 U.S.C. § 1983 (1871).

The plaintiff alleged his discharge would cause him immediate irreparable injury as he would be unable to meet his fixed financial obligations and would be stigmatized. The plaintiff prayed injunctive relief, damages, attorney's fees and costs.

On 23 December 1976 the trial court issued a temporary restraining order staying the decision terminating plaintiff's employment, ordering his reinstatement and directing that defendants appear at a later date and show cause why the temporary restraining order should not be continued. A hearing was conducted on 30 December 1976. Based upon the plaintiff's verified complaint and affidavits, the trial court on that date made findings of fact and conclusions of law and entered an order granting a preliminary injunction continuing the temporary restraining order.

The defendants objected and excepted to the orders entered by the trial court. Upon application of the defendants, we issued a writ of certiorari on 9 February 1977 to review the said orders.

*Sanford, Cannon, Adams & McCullough, by H. Hugh Stevens, Jr. and Hugh Cannon, for plaintiff appellee.*

*Attorney General Edmisten, by Deputy Attorney General William W. Melvin and Associate Attorney David Roy Blackwell, for defendant appellants.*

MITCHELL, Judge.

The defendants first contend that, whether the trial court's orders were based upon alleged violations of the plaintiff's rights under the General Statutes of North Carolina or the United States Code, the trial court had no authority to enter orders staying the dismissal of the plaintiff before the exhaustion of his administrative remedies under the State Personnel Act, G.S., Chapter 126 and the Administrative Procedure Act, G.S., Chapter 150A. By these contentions the defendants have raised substantial issues which, for reasons hereinafter set forth, we need not reach.

Prior to oral arguments before us in this case, the plaintiff filed a "motion to dismiss appeal" in which he stated that the State Personnel Commission, by decision and order dated 4 May

1977, had remanded his case to the "third step of the grievance procedure of the Department of Crime Control and Public Safety for further proceedings." The plaintiff contends in his motion that the issues before us are now moot, as the order of the State Personnel Commission "has the effect, *inter alia*, of temporarily staying the plaintiff's dismissal and affording him the administrative remedies sought by his request for injunctive relief." During oral arguments, counsel for both parties informed us that, as a result of pursuing these grievance procedures, the plaintiff has been reinstated by administrative action, and that the administrative action has not been appealed by the Department of Crime Control and Public Safety. Counsel for both parties also agreed that the time for taking such appeal has run, and that the Secretary of Crime Control and Public Safety does not intend to attempt to appeal. As the preliminary injunction entered on 30 December 1976 continued the temporary restraining order of 23 December 1976 only "pending petitioner's exhaustion of all administrative remedies to which he is entitled," that injunction has now expired and is void by its own terms.

The general rule is that an appeal presenting a question which has become moot will be dismissed. *Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 170 S.E. 2d 473 (1969). That rule is subject to an exception, however, when the question involved is a matter of public interest. In such cases the courts have a duty to make a determination. *Leak v. High Point City Council*, 25 N.C. App. 394, 213 S.E. 2d 386 (1975).

We find that the facts in the present case do not present us with a situation giving rise to the exception to the general rule. During the pendency of this action, the General Assembly has substantially amended the State Personnel Act, G.S., Chapter 126 by enacting Chapter 866 of the 1977 North Carolina Session Laws. We find that the substantial amendments to Chapter 126 contained therein, together with the fact that there no longer exists a controversy among the parties in this case, would render our determination of the issues sought to be presented by the defendants little more than an advisory opinion as to the effect of prior law on hypothetical parties. *Parent-Teacher Assoc. v. Bd. of Education*, 275 N.C. 675, 170 S.E. 2d 473 (1969) and cases cited therein; 1 Strong, N.C. Index, Appeal and Error, § 9, pp. 215-18. We decline to render such an opinion and hold the issues before

us by virtue of our having granted the writ of certiorari are no longer matters of such public interest as to require us to resolve them by making a determination.

For the reasons previously stated herein, the motion to dismiss is well taken, and we order the

Writ of certiorari dismissed.

Judges MORRIS and CLARK concur.