KARAN ANN HICKS, Plaintiff v. ANDREW SCOTT ALFORD, Defendant

No. COA02-617

(Filed 4 March 2003)

**1. Appeal and Error— hearing after remand for new findings—new evidence not required**

It is within a trial court's discretion to receive new evidence or to rely on previous evidence after a remand for additional findings, and the trial court in this case did not abuse its discretion by not requiring additional testimony after the case was remanded for a determination of whether a substantial change in circumstances affected the welfare of the child.

**2. Appeal and Error— record—duty of appellant to complete**

It is the duty of the appellant to ensure that the record on appeal is complete, and this plaintiff's argument that the court's findings were not supported by the evidence was not considered where plaintiff did not include in the record a transcript of the evidence.

**3. Child Support, Custody, and Visitation— change of custody—findings—sufficient**

The trial court's findings were sufficient to support a modification of child custody where the court made numerous findings of fact detailing plaintiff's pervasive and harmful interference with defendant's visitation rights, as well as violent actions by plaintiff and her family directed at defendant in the presence of the minor child.

**HICKS v. ALFORD**

[156 N.C. App. 384 (2003)]

Appeal by plaintiff from order entered 12 February 2002 by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 8 January 2003.

*Jerry D. Jordan for plaintiff appellant.*

*Metcalf & Beal, L.L.P., by Christopher L. Beal, for defendant appellee.*

TIMMONS-GOODSON, Judge.

Karan Ann Hicks ("plaintiff") appeals from an order of the trial court granting Andrew Scott Alford ("defendant") custody of the minor child of plaintiff and defendant. For the reasons stated herein, we affirm the order of the trial court.

Plaintiff and defendant are the natural parents of Jenny Lynne Hicks ("the minor child"), who was born 2 October 1998. Plaintiff and defendant never married. On 2 July 1999, a consent order was filed in Forsyth County District Court awarding joint legal custody of the minor child to both parents. The order granted plaintiff primary physical custody and provided defendant visitation rights.

On 10 July 2000, defendant filed a motion for change of custody, alleging that plaintiff and certain members of her family had interfered with defendant's visitation rights to such extent that a change in custody was warranted. On 12 September 2000, the trial court concluded that plaintiff's actions in denying defendant visitation constituted a substantial change in circumstances and entered an order granting sole custody of the minor child to defendant. Plaintiff appealed to this Court, which vacated the order of the trial court on the grounds that the order did not contain the requisite findings of fact as to how the change of circumstances affected the welfare of the minor child. On remand, after hearing arguments of counsel and reviewing the evidence presented at the previous hearing, the trial court made the following pertinent findings of fact:

6. On June 27, 1999, the Defendant, with his parents and fiancée, attempted to exercise visitation and went to the Plaintiff's residence to pick up the said minor child. That the Plaintiff and her family surrounded the Defendant's car shouting obscenities and threats to the Defendant and his family.

7. That the Defendant attempted to exercise visitation on July 24, 1999, and on July 31, 1999, which was arbitrarily denied by the Plaintiff herein.

8. On August 6, 1999 and August 7, 1999, Defendant attempted to exercise visitation with the minor child, which was unsuccessful.

9. On or about August 13, 1999, the Defendant returned a phone call from Plaintiff. Plaintiff's father answered the phone and commenced at least a thirty minute diatribe against the Defendant. Said diatribe contained at least three hundred and fifty expletives, including threats against the Defendant, and statements that the Defendant should give up his parental rights. Further, Plaintiff's father informed the Defendant that he, "hated your 'f—— a.' " Further, Plaintiff's father told the Defendant, "I'll fight you to hell and back, you g— d— back stabbing m—— f——" and statements, "this kid is going to hate your a—," and informed the Defendant he was not the child's father. Defendant never responded to Plaintiff's father during this conversation.

10. In July 1999, Defendant filed a Motion for Contempt against the Plaintiff for his failure to have visitation. In an Order dated November 11, 1999, the Honorable Laurie Hutchens found the Plaintiff in contempt and ordered that maternal grandfather "Buddy Hicks" not to be present at the exchanges. Judge Hutchens found that the Plaintiff could purge herself of contempt by allowing the specified visitation.

11. The Defendant attempted visitation on October 16, 1999, and was refused by the Plaintiff. Plaintiff's father was present, in violation of the Court Order. On October 29, 1999, the Defendant attempted to talk with the Plaintiff in a telephone conversation and was verbally abused in language similar to that used by the maternal grandfather on August 13, 1999.

12. The Defendant attempted visitation on January 15, 2000. On January 13, 2000, the Defendant attempted to call the Plaintiff and the Plaintiff would not cooperate and would not return the Defendant's phone calls. That said phone calls were made in an attempt to exercise visitation.

13. Plaintiff, Plaintiff's mother and Plaintiff's father have all made demands on the Defendant for him to give up his parental rights with respect to said minor child.

14. On May 19, 2000, Defendant met the Plaintiff at the minor child's orthopedic doctor's office located in Winston-Salem. Plaintiff did invite the Defendant to attend said doctor's appointment, and gave the Defendant the time of the appointment.

HICKS v. ALFORD

[156 N.C. App. 384 (2003)]

However, while the Defendant was at the doctor's office, the Plaintiff refused to cooperate with the Defendant in filling out medical records regarding the minor child.

15. On June 4, 2000, the Defendant attempted to return the minor child after visitation and went to a church parking lot next to Plaintiff's residence. Plaintiff's father was present, and Plaintiff assaulted Defendant's fiancée and Plaintiff's father assaulted the Defendant in the presence of the minor child.

16. On June 5, 2000, the Defendant attempted to call the Plaintiff at her employment and ask how the minor daughter was after the previous day's incident. Plaintiff slammed the phone down without responding. Defendant was not belligerent in his conversation with the Plaintiff.

17. The Plaintiff filed a 50B Domestic Violence action in Stokes County and obtained an *Ex Parte* Order not allowing the Defendant to come near her residence. As a result, the Defendant lost his one-week vacation period with the minor child beginning on July 1, 2000 and ending on July 9, 2000. The *Ex Parte* Order was dissolved and the 50B Domestic Violence Order was not allowed.

18. The Plaintiff testified that if Defendant was late for visitation, she would not wait for him. Defendant lives approximately two hours from the Plaintiff and has to travel Interstate 85 North from Charlotte to Highway 52 North near Davidson County. He encounters traffic delays and sometimes does not get out of work until 5:00 or 6:00 p.m. The Plaintiff refused to cooperate with Defendant in his attempts to exercise his visitation.

19. The Defendant requested the Plaintiff's new telephone number. Plaintiff admitted on the stand that she would not give her new telephone number to the Defendant, thus denying him any contact with her.

20. The Plaintiff has had the means and ability to comply with [the consent order] and Judge Hutchens' Order, but she has failed to do so, and that said failure is willful.

21. Since the last Order, there have been serious acts of hostility and animosity on a consistent basis by Plaintiff and her family directed to the Defendant. That it is not in the best interest of the minor child for her custody to remain with the Plaintiff.

22. That it is in the best interest of the minor child to develop a relationship with both parents. That the actions of the mother and her parents have interfered with the father developing a relationship with the child which is not in the best interest of the minor child and will continue to adversely affect the welfare of said minor child, if allowed to continue.

Based on the foregoing findings of fact, the trial court concluded, *inter alia,*

4. That there has been a substantial and material change of circumstances by virtue of the hostility and animosity by Plaintiff and her family to the Defendant herein, and it is in the best interest of the minor child that the custody be changed and the Defendant granted custody of the minor child subject to visitation as allowed hereinafter.

5. That it is in the best interest of the minor child to develop a relationship with both parents. That the actions of the mother and her parents have interfered with the father developing a relationship with the child which is not in the best interest of the minor child and will continue to adversely affect the welfare of said minor child, if allowed to continue.

Having so concluded, the trial court entered an order awarding defendant sole legal custody and control of the minor child, and granting visitation rights to plaintiff. From this order, plaintiff appeals.

[1] Plaintiff argues that the trial court erred in failing to require additional testimony on remand as to how the substantial change of circumstances affected the minor child, and further contends that, as there was no additional evidence submitted on remand, there was no evidence to support the trial court's findings of fact and conclusions of law in its order granting custody to defendant. For the reasons stated hereafter, we affirm the order of the trial court.

Plaintiff asserts that, by failing to require additional evidence on remand as to what effect, if any, the substantial change in circumstances had on the minor child, the trial court disregarded this Court's previous opinion and entered a custody order *sua sponte.* We disagree.

In this Court's previous opinion, we remanded the case to the trial court "for a determination of whether the substantial change in

circumstances affected the welfare of the minor child." Contrary to plaintiff's assertions, the opinion did not specifically order the trial court to hold a new hearing or receive new evidence. Nor did the Court conclude that the record was devoid of evidence regarding the effect of the change of circumstances on the minor child. Rather, the order was vacated and the matter remanded because the order "lack[ed] the requisite findings of fact as to how the change in circumstances affected the welfare of the minor child." Whether on remand for additional findings a trial court receives new evidence or relies on previous evidence submitted is a matter within the discretion of the trial court. *See Hendricks v. Sanks*, 143 N.C. App. 544, 549, 545 S.E.2d 779, 782 (2001) (stating that, on remand, "[i]t is left in the trial court's discretion whether the taking of additional evidence is necessary"); *Heath v. Heath*, 132 N.C. App. 36, 38, 509 S.E.2d 804, 805 (1999) (noting that, on remand, the trial court must rely upon the existing record, but may also in its sole discretion receive such further evidence and further argument from the parties as it deems necessary and appropriate to comply with this Court's opinion). Plaintiff cites no authority to the contrary, and we have discovered none. It was therefore within the trial court's discretion to determine whether additional evidence was necessary regarding what effect the substantial change in circumstances had on the minor child. On remand, the trial court heard additional arguments by counsel and reviewed the evidence presented at the previous hearing, but determined that new evidence was unnecessary. We detect no abuse of discretion by the trial court in its determination, and we therefore overrule plaintiff's assignment of error.

**[2]** Plaintiff further argues that there was insufficient evidence to support the trial court's findings concerning the effect of the substantial change in circumstances on the minor child. Plaintiff failed to include in her appeal a transcript of the evidence presented to the trial court. Nor was a transcript of the evidence included in plaintiff's previous appeal of this matter to the Court. "If the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall file with the record on appeal a transcript of all evidence relevant to such finding or conclusion." N.C.R. App. P. 7(a)(1) (2003). Similarly, Rule 9 of the North Carolina Rules of Appellate Procedure requires the appellant to include in the record on appeal "so much of the evidence . . . as is necessary for an understanding of all errors assigned." N.C.R. App. P. 9(a)(1)(e) (2003). It is the duty of the appellant to ensure that the record is complete. *See State v.*

*Alston,* 307 N.C. 321, 341, 298 S.E.2d 631, 644 (1983). "An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court." *State v. Williams,* 274 N.C. 328, 333, 163 S.E.2d .353, 357 (1968). Without the transcript, we are unable to review plaintiff's argument that the trial court erred in making findings of fact that are unsupported by the evidence. *See Pharr v. Worley,* 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997) (concluding that, where the appellant failed to include relevant portions of the transcript on appeal, the Court would not engage in speculation as to potential error by the trial court). We therefore overrule this assignment of error.

[3] By her final argument, plaintiff asserts that the trial court's findings are insufficient to support a modification of custody. We disagree.

Where interference by one parent with the visitation privileges of the other parent "becomes so pervasive as to harm the child's close relationship with the noncustodial parent, there can be a conclusion drawn that the actions of the custodial parent show a disregard for the best interests of the child, warranting a change of custody." *Woncik v. Woncik,* 82 N.C. App. 244, 248, 346 S.E.2d 277, 279 (1986); *see also Shipman v. Shipman,* 155 N.C. App. 523, 573 S.E.2d 755, 758 (2002) (concluding that change of custody was warranted where denial of visitation rights was one of the factors constituting a substantial change of circumstances affecting the child).

In the instant case, the trial court made numerous findings of fact detailing plaintiff's pervasive and harmful interference with defendant's visitation rights, as well as violent actions by plaintiff and her family directed at defendant in the presence of the minor child. The trial court found that plaintiff's consistent and willful refusal to allow defendant to exercise his visitation rights had "interfered with the father developing a relationship with the child which is not in the best interest of the minor child and will continue to adversely affect the welfare of said minor child, if allowed to continue." In *Woncik,* the Court affirmed a change of custody where there was pervasive interference with the father's visitation rights, as well as "conduct undertaken deliberately to belittle the [father] in the mind of his child." *Woncik,* 82 N.C. App. at 249, 346 S.E.2d at 280. Here, plaintiff's actions have prevented defendant from developing a relationship with his daughter, resulting in an adverse effect on the welfare of the minor child. We conclude that the trial court's findings properly sup-

port its conclusion that a change of custody was warranted, and we therefore overrule this assignment of error.

The order of the trial court is hereby

Affirmed.

Judges TYSON and LEVINSON concur.