INGRID SWANSON, Plaintiff v. RICHARD THOMAS HERSCHEL, Defendant

No. COA04-1307

(Filed 6 December 2005)

**1. Appeal and Error— appealability—mootness—child reached age of majority**

Although defendant contends the trial court erred in a child support case by ruling that plaintiff's action of refusing to return their oldest child to defendant on 17 August 2003 as scheduled did not constitute willful contempt, this assignment of error is dismissed as moot because the child has since turned eighteen and is thus no longer a minor.

**2. Child Support, Custody, and Visitation— arrearage—sufficiency of notice**

The trial court did not err by concluding that the matter of child support arrearage was properly before the trial court even though defendant contends he did not receive sufficient notice, because: (1) plaintiff's motion regarding custody and child support on 19 August 2003 apprised defendant that the hearing would include child support issues including arrearage; and (2) even though defendant contends that it was unclear which motion was being brought for hearing when plaintiff's notice of hearing only referred to the motion as the August 2003 motion instead of referring to a specific date, plaintiff only made one motion in August.

**3. Child Support, Custody, and Visitation— arrearage—calculation**

The trial court's calculation of child support arrearages is vacated and remanded for more specific findings regarding the amount due for the periods in question.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from order entered 16 March 2004 by Judge Alonzo B. Coleman, Jr., in Orange County District Court. Heard in the Court of Appeals 20 April 2005.

*Coleman, Gledhill, Hargrave & Peek, P.C., by Leigh Peek, for plaintiff-appellee.*

*Levine & Stewart, by John Stewart, for defendant-appellant.*

HUDSON, Judge.

On 19 August 2003, plaintiff filed a motion seeking modification of custody, enforcement of prior child support payments due, and modification of the monthly child support amount. On 21 August 2003, defendant filed a motion for order of contempt, alleging that plaintiff violated a November 2001 custody order. Both motions were heard on 2 March 2004 in district court. The court entered an order on 16 March 2004 in which it ruled, in pertinent part, that plaintiff was not in willful contempt of prior court orders and that defendant pay child support arrearage of $9000. Defendant appeals.

The evidence tends to show the following. Plaintiff and defendant have three children of their marriage, all of whom were minors at the time of the parties' divorce in 1996. The parties agreed to share joint legal custody of the minor children with plaintiff having primary physical custody and defendant having liberal visitation. At the time of the separation, both parties resided in Greensboro, but plaintiff moved to Chapel Hill in June 1998. In the fall of 1999, defendant moved to Pennsylvania to take a new job. In November 2001, the court granted temporary physical custody of the oldest child, Timothy, to defendant. The record reveals that plaintiff filed several motions for modification of child support and for contempt between 1999 and 2003, alleging that defendant had failed to pay adequate child support and other agreed expenses (such as childcare and travel costs), and had failed to cooperate with the parenting coordinator.

While visiting plaintiff in the summer of 2003, Timothy, who was seventeen at the time, expressed his desire to remain in her custody rather than return to defendant in Pennsylvania as planned. Plaintiff thus enrolled Timothy in school in North Carolina. Her testimony at trial showed that defendant was on vacation during the school enrollment period and she had no way to contact him to discuss this situation. Defendant asserted that he was available and that plaintiff did not call him. Although plaintiff was aware that defendant was designated the temporary custodian, she believed that Timothy's stated wishes would govern his placement, as they had when he originally went to live with defendant in 2001. On 19 August 2003, shortly after enrolling Timothy in school, plaintiff filed a formal motion to change custody. On 21 August 2003, defendant filed a motion to have plaintiff held in contempt, alleging that she willfully violated the prior custody order by refusing to return Timothy to defendant on 17 August 2003, as scheduled.

**[1]** First, defendant argues that the trial court erred in ruling that the plaintiff's actions did not constitute willful contempt. This assignment of error is moot since Timothy Herschel has turned eighteen, and is thus no longer a minor. N.C. Gen. Stat. § 48A-2 (2003). Defendant alleges that plaintiff contemptuously refused to comply with a custody order pertaining to the then minor child Timothy. "A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison County Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (internal citation omitted). "[A]n appeal presenting a question which has become moot will be dismissed." *Matthews v. Dept. of Transportation*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978). As any orders regarding the custody of Timothy when he was a minor no longer apply now that he has reached the age of majority, this issue is moot and is thus dismissed.

**[2]** Defendant next argues that the matter of child support arrearage was not properly before the trial court because he did not receive sufficient notice. We disagree. Whether a party has adequate notice is a question of law, which we review *de novo. See Trivette v. Trivette*, 162 N.C. App. 55, 58, 590 S.E.2d 298, 302 (2004). "Notice and an opportunity to be heard prior to depriving a person of his property are essential elements of due process of law which is guaranteed by the Fourteenth Amendment of the United States Constitution and Article 1, section 17, of the North Carolina Constitution." *McDonald's Corp. v. Dwyer*, 338 N.C. 445, 448, 450 S.E.2d 888, 891 (1994). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *City of Randleman v. Hinshaw*, 267 N.C. 136, 140, 147 S.E.2d 902, 905 (1966).

Here, plaintiff filed a "motion regarding custody and child support" on 19 August 2003. In this motion, plaintiff states, in pertinent part:

> 2. That the plaintiff has filed several child support motions which have not yet been heard, dealing with the support and maintenance of the three minor children who are subjects of this action. That the motions were filed in a timely manner, and support should be set in accord with these motions based upon the demonstrable income of the parties during the relevant time periods.

3. That current child support should be modified and changed to include all three minor children, effective as of the date of filing of this motion, or the date the minor child Timothy took up his residence with Plaintiff, whichever the court deems appropriate.

4. That as to child support, the Plaintiff requests that this Court instruct the Defendant to cease and desist from deducting any amount or credit he deems appropriate from the monthly child support obligation for any reason whatsoever.

She then asks the court to enter an order modifying and increasing child support and to instruct the defendant to pay the ordered support each month without deductions. This notice clearly apprised defendant that the hearing would include child support issues, including arrearage. Defendant argues that plaintiff's notice of hearing, which stated that she was bringing "the August 2003 Motion" on for hearing on 2 March 2004, was ambiguous. He asserts that because there was also a defense motion made in August, and plaintiff's notice of hearing does not refer to her motion by specific date, but only as "the August 2003 Motion," that it was unclear which motion was being brought for hearing. However, plaintiff only made one motion in August and after she filed the notice of hearing on 23 January 2004, defendant subsequently filed a notice of hearing on 3 February 2004, stating that he would be bringing his motion for contempt on for hearing on 2 March 2004. This assignment of error has no merit.

**[3]** Finally, defendant contends that the trial court improperly calculated the child support arrearage. In reviewing child support orders, this Court is bound by the trial court's findings where there is competent evidence to support them. *See, e.g., Mackins v. Mackins*, 114 N.C. App. 538, 547, 442 S.E.2d 352, 357-58, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 527 (1994). Here, there was limited testimony regarding the arrearage at trial, no financial affidavits submitted by either party, and no worksheets in the record. The plaintiff submitted a spreadsheet her attorney prepared which calculated the amounts paid and amounts due. This spreadsheet was the only document submitted to this Court and portions of it are illegible, and the worksheets to which it refers are not included in the record on appeal. The trial court's pertinent findings of fact are as follows:

Upon consideration of the written documentation submitted and after hearing testimony, the court determines the Defendant child support arrears as follows:

SWANSON v. HERSCHEL

[174 N.C. App. 803 (2005)]

From January of 1999 through December of 1999, Defendant owes $2,197.00 to the Plaintiff.

From January of 2000 through December of 2000, Defendant owes $2,494.16 to the Plaintiff.

From January of 2001 through December of 2001, Defendant owes Plaintiff $3,759.85.

From January of 2003 through December of 2003, Defendant owes Plaintiff $1968.00

From January of 2004 through March 2004, the Defendant owes the Plaintiff $1497.00.

We conclude that these findings and the evidence are insufficient:

The purpose of the requirement that the court make findings of those specific facts which support its ultimate disposition of the case is to allow a reviewing court to determine from the record whether the judgment—and the legal conclusions which underlie it—represent a correct application of the law . . . . Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated.

*Gibson v. Gibson*, 68 N.C. App. 566, 569, 316 S.E.2d 99, 102 (1984) (internal quotation marks and citations omitted). With such scant evidence before us, we are unable to determine whether the trial court properly calculated the arrearages. Accordingly, we must vacate and remand that portion of the judgment for more specific findings regarding the amount due for the periods in question.

Dismissed as moot in part;

Vacated and remanded in part.

Judge GEER concurs.

Judge HUNTER concurs in part and dissents in part.

HUNTER, Judge, concurring in part and dissenting in part.

I disagree with the majority's decision to remand this case to the trial court for further findings regarding defendant's child support arrearage. I otherwise concur in the majority opinion.

**WOODS v. BILLY'S AUTO.**

[174 N.C. App. 808 (2005)]

As noted by the majority, plaintiff submitted a spreadsheet calculating the child support paid by defendant and the amounts due. Plaintiff testified that the document was a true and accurate representation of the amounts due. Defendant did not object to the document submitted by plaintiff or to her testimony. I would hold that this evidence was competent and constituted a sufficient basis upon which the trial court could rely in making its findings regarding defendant's child support arrearage.

Further, although defendant argues the trial court relied upon "faulty" and insufficient evidence to make its findings, he failed to include legible copies of the spreadsheet, or the worksheets to which it refers, in the record on appeal. "If the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall file with the record on appeal a transcript of all evidence relevant to such finding or conclusion." N.C.R. App. P. 7(a)(1). Similarly, Rule 9 of the North Carolina Rules of Appellate Procedure requires the appellant to include in the record on appeal "so much of the evidence . . . as is necessary for an understanding of all errors assigned[.]" N.C.R. App. P. 9(a)(1)(e). "It is the duty of the appellant to ensure that the record is complete." *Hicks v. Alford*, 156 N.C. App. 384, 389, 576 S.E.2d 410, 414 (2003). " 'An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court.' " *Id.* at 390, 576 S.E.2d at 414 (quoting *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968)). Thus, defendant has failed to provide a sufficient record from which it can be determined whether the trial court's findings of fact are supported by competent evidence. I would therefore overrule this assignment of error and affirm the decision of the trial court.