STATE OF NORTH CAROLINA
v.
LAURIE MICHELLE PARKER, Defendant
No. COA06-426
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Spurgeon Fields, III, for the State.
Gilda C. Rodriguez for defendant-appellant.
WYNN, Judge.
In general, "an appeal presenting a question which has become moot will be dismissed."[1] Here, Defendant appeals the revocation of her probation based on her violation of its terms and conditions. Because the maximum sentence imposed on Defendant has expired prior to the calendaring of this appeal, we dismiss her appeal as moot.
On 1 September 2005, Defendant pled guilty in Davidson County Superior Court to the offense of obtaining property by false pretenses. The court sentenced Defendant to a term of imprisonment of a minimum of seven months and a maximum of nine months. The court suspended the sentence and placed Defendant on supervised probation for thirty-six months. The court also placed Defendant in the intensive supervision program for six months. On 14 September 2005, an intensive case officer executed a violation report alleging that in attempting to perform a curfew check, the probation officer went to address given to her probation officer and could not find Defendant there. A resident told the officer that Defendant did not, and would not be allowed to, reside there.
At the revocation hearing on 17 November 2005, Defendant admitted she violated the terms and conditions of her probation. Defense counsel stated for the record that Defendant was living with her boyfriend at the address provided to her probation officer until the boyfriend "kicked her out" prior to the initial curfew check . The probation officer confirmed the statements included in the violation report as to Defendant's failure to provide an address to her probation officer or to contact the officer concerning a change of address. The probation officer determined that Defendant had absconded supervision and subsequently learned that Defendant had been arrested. The violation report was served on Defendant in the Davidson County Jail.
The court found that Defendant willfully and without lawful excuse committed the violation alleged in the violation report. The court revoked probation and activated Defendant's original sentence of seven to nine months' imprisonment on 17 November 2005. The court allowed credit for seven days of pretrial confinement from the judgment revoking probation and activating the sentence, and Defendant appealed.
The appeal entry reflects that the court denied release of Defendant pursuant to section 15A-536 of the North Carolina General Statutes. N.C. Gen. Stat. § 15A-536 (2005). Consequently, she began immediately to serve the sentence. Nine months from 10 November 2006 occurred on or about 10 August 2006.[2] Thus, at its maximum, the sentence expired before this appeal was calendared for argument. The appeal is therefore moot, and we are required to dismiss it. See State v. Bowes, 360 N.C. 55, 619 S.E.2d 502 (2005) (per curiam opinion vacating this Court's opinion considering an appeal which was moot because the period of punishment, revocation of the defendant's driver's license, had expired).
Dismissed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
NOTES
[1] Matthews v. N.C. Dept. of Transp., 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978).
[2] Although not made a part of the record on appeal, we note that North Carolina Department of Correction records indicate Defendant's active sentence expired on 8 June 2006.