STATE OF NORTH CAROLINA v. NATHAN AARON CROSS
A/K/A MICHAEL THOMAS FERGUSON

No. COA07-868

(Filed 15 January 2008)

**Appeal and Error— appealability—mootness—revocation of probation—discharge from custody**

Defendant's appeal from judgments revoking probation is dismissed as moot, because: (1) the Court of Appeals took judicial notice of the fact that the North Carolina Department of Correction records indicated that defendant's sentence expired and he was released from custody on 20 June 2007; and (2) the subject matter of this appeal has ceased to exist and the issue is moot by reason of the discharge of defendant from custody.

Appeal by Defendant from judgment entered 12 March 2007 by Judge Laura J. Bridges in County McDowell Superior Court. Heard in the Court of Appeals 13 December 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Terence D. Friedman, for the State.*

*Peter Wood for Defendant.*

ARROWOOD, Judge.

Nathan Cross (defendant) appeals from judgments revoking probation. We dismiss his appeal as moot.

In 2003 Defendant was convicted of two charges of larceny of a motor vehicle, and one charge of felonious breaking and entering. He received suspended sentences of five to six months imprisonment in each case, and was placed on supervised probation. Probation violation reports were filed in June 2004. On 12 March 2007 the court revoked Defendant's probation and activated the five to six month sentences previously entered in each case. Defendant was given credit in each case for seventy-one (71) days already served.

The original judgments provided for consecutive sentences, but upon revocation the sentences were served concurrently. Although not made a part of the Record on Appeal, we take judicial notice of the fact that the North Carolina Department of Correction records indicate that Defendant's sentence expired and he was released from custody on 20 June 2007.

---

" '[A]s a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist.' By reason of the discharge of the [Defendant] from custody, the subject matter of this [appeal] has ceased to exist and the issue is moot." *In re Swindell,* 326 N.C. 473, 474-75, 390 S.E.2d 134, 135 (1990) (quoting *Kendrick v. Cain,* 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1967) (other citation omitted). *See also, e.g., Wilson v. Wilson,* 134 N.C. App. 642, 518 S.E.2d 255 (1999) (appeal from expired domestic violence protective order dismissed as moot); *In re Cowles,* 108 N.C. App. 74, 422 S.E.2d 443 (1992) (juvenile's appeal from training school commitment dismissed as moot where juvenile reached age of 18 years during pendency of appeal).

"In general, 'an appeal presenting a question which has become moot will be dismissed.' " *State v. Bowes,* 159 N.C. App. 18, 21, 583

S.E.2d 294, 297 (2003), *opinion vacated and dismissed as moot*, 360 N.C. 55, 619 S.E.2d 502 (2005) (quoting *Matthews v. Dept. of Transportation*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978)).

We conclude that the subject of this appeal is moot and that Defendant's appeal must be

Dismissed.

Judges TYSON and JACKSON concur.