STATE OF NORTH CAROLINA, Plaintiff,
v.
JENNIFER DAWN KARGES, Defendant.
No. COA07-1339.
Court of Appeals of North Carolina.
Filed August 5, 2008
This case not for publication
Attorney General Roy A. Cooper III, by Assistant Attorney General Gaines M. Weaver, for the State.
Mercedes O. Chut, for defendant-appellant.
STROUD, Judge.
Defendant appeals from judgment revoking probation. We dismiss the appeal as moot.
On or about 19 September 2005, defendant was sentenced to one year imprisonment for driving while impaired. Defendant's sentence was suspended and she was placed on supervised probation for twenty-four months. On or about 5 June 2007, a probation violation report was filed alleging that defendant had failed to comply with the terms of her probation. On or about 25 June 2007, the trial court found that defendant willfully violated the terms of her probation, revoked defendant's probation, and activated her suspended sentence. Although not made a part of the Record on Appeal, we take judicial notice of the fact that North Carolina Department of Correction records indicate that defendant's sentence expired and she was released from custody on 14 November 2007.
This Court has stated in State v. Cross, ___ N.C. App. ___, 655 S.E.2d 725 (2008), a case addressing the issue of revoked probation, As a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist. By reason of the discharge of the [d]efendant from custody, the subject matter of this appeal has ceased to exist and the issue is moot.
Cross at ___, 655 S.E.2d at 725-26 (quoting In re Swindell, 326 N.C. 473, 474-75, 390 S.E.2d 134, 135 (1990)) (citation, quotation marks, and brackets omitted). Cross, ___ N.C. App. ___, 655 S.E.2d 725 is however distinguisable from Wornstaff v. Wornstaff, where this Court stated in a footnote that "an expired domestic violence protective order is not moot because of the `stigma that is likely to attach to a person judicially determined to have committed domestic abuse' and `the continued legal significance of an appeal of an expired domestic violence protective order.'" 179 N.C. App. 516, 518, 634 S.E.2d 567, 568 (2006) (internal citation, internal quotation marks, and brackets omitted), aff'd, 361 N.C. 230, 641 S.E.2d 301 (2007).
We find this case to be controlled by Cross ___ N.C. App. ___, 655 S.E.2d 725, and conclude there is little "stigma that is likely to attach to a person judicially determined to have" violated probation, see Wornstaff at 518, 634 S.E.2d at 568, but rather any stigma would arise from the conviction for the underlying crime. However, we do note that there could be some "continued legal significance[,]" see id., for defendant if defendant is later convicted of another crime, as the sentencing judge may be less likely to grant defendant a suspended sentence, given defendant's history of a prior probation revocation. See id. Nonetheless, we are bound by Cross, ___ N.C. App. ___, 655 S.E.2d 725, and accordingly, we conclude that the subject of this appeal is moot and that defendant's appeal must be dismissed. See id.
DISMISSED.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).