STATE OF NORTH CAROLINA
v.
JIMMY DEAN SPARKS, Defendant.
No. COA08-319
Court of Appeals of North Carolina.
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Gaines M. Weaver, for the State.
Carol Ann Bauer for defendant-appellant.
GEER, Judge.
Defendant Jimmy Dean Sparks appeals from the revocation of his probation and activation of his sentences. Although defendant argues on appeal that the trial court erred in requiring him to proceed pro se during the probation violation hearing, this appeal is now moot since defendant has fully served his sentence and been released. We are, therefore, required to dismiss defendant's appeal.

Facts
On 6 July 2004, defendant pled guilty to forgery of an instrument and uttering a forged instrument. In a consolidated judgment, the trial court sentenced defendant to a term of four to five months imprisonment, but suspended that sentence, placing defendant on supervised probation for 30 months. On 26 January 2005, defendant pled guilty to possession of a Schedule II substance and received a sentence of six to eight months imprisonment, which the trial court also suspended, and defendant was ordered to undergo supervised probation for 30 months. On 8 March 2005, defendant pled guilty to possession of cocaine, and the trial court sentenced defendant to a term of six to eight months, but suspended that sentence as well, placing defendant on 40 months supervised probation.
On 24 January 2005, a probation violation report was filed alleging that defendant was in violation of the terms of his probation with respect to the forgery charges. The trial court modified the original judgment on 10 March 2005 and continued defendant on supervised probation. On 27 June 2005, another probation violation report was filed in connection with defendant's conviction for possession of a Schedule II controlled substance. Later, on 13 July 2005, two additional probation violation reports were filed, one with respect to defendant's forgery convictions and the other regarding the possession of cocaine charge. On 8 December 2005, the trial court modified the judgments and continued defendant on supervised probation. On 22 June 2007, defendant's probation officer filed probation violation reports in all three of defendant's cases. The trial court modified the original judgments on 23 August 2007 and continued supervised probation.
Finally, probation violation reports were filed on 29 October 2007 in all three of defendant's cases. A probation violation hearing was held on 30 November 2007, at which the trial court revoked defendant's probation and sentenced defendant to a presumptive-range term of six to eight months imprisonment and two concurrent terms of four to eight months imprisonment. The trial court refused to release defendant under N.C. Gen. Stat. § 15A-536 (2007), and, consequently, defendant began serving his sentence in the North Carolina Department of Correction on 30 November 2007. Defendant timely appealed to this Court.

Discussion
The record indicates that defendant began serving his sentence on 30 November 2007, immediately upon revocation of his probation. Although not part of the record on appeal, we take judicial notice of the Department of Correction's records showing that defendant's six-month sentence expired on 30 May 2008, resulting in his release. See State v. Cross, ___ N.C. App. ___, ___, 655 S.E.2d 725, 725 (2008) (taking judicial notice of Department of Correction's records indicating the defendant's date of release from custody).
It is a general principle of appellate review that an appellate court "'will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist.'" Id. at ___, 655 S.E.2d at 725 (quoting In re Swindell, 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990)). See Swanson v. Herschel, 174 N.C. App. 803, 805, 622 S.E.2d 159, 160 (2005) ("'A case is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.'" (quoting Roberts v. Madison County Realtors Ass'n, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996))).
As defendant was released from the Department of Correction on 30 May 2007 after completing his sentence, "'the subject matter of this [appeal] has ceased to exist and the issue is moot.'" Cross, ___ N.C. App. at ___, 655 S.E.2d at 725 (quoting Swindell, 326 N.C. at 475, 390 S.E.2d at 135). "[A]n appeal presenting a question which has become moot will be dismissed." Matthews v. N.C. Dep't of Transp., 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978). Consequently, we dismiss defendant's appeal as moot. See Cross, ___ N.C. App. at ___, 655 S.E.2d at 725-26 (dismissing defendant's appeal as moot where defendant had been released from prison prior to appeal being heard).
Dismissed.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).