IN THE MATTER OF: C.S.P. J.P. J.C.C.
IN THE MATTER OF: J.P. J.C.C.
Nos. COA09-1086, COA09-1341
Court of Appeals of North Carolina.
Filed March 2, 2010.
This case not for publication
Michael K. Newby, Assistant Davidson County Attorney, for petitioner-appellant Davidson County Department of Social Services.
Pamela Newell Williams, for appellee Guardian ad Litem.
Richard Croutharmel, for respondent-appellee mother.
Joyce L. Terres, for guardian-appellant Paris Littlejohn.
Mercedes O. Chut, for guardian-appellee Belinda Blackwell.
MARTIN, Chief Judge.
Paris Littlejohn ("Ms. Littlejohn") has maintained separate appeals from a 12 May 2009 order terminating her guardianship of J.P. and J.C.C. and an order entered 3 August 2009 denying her motion for relief from the 12 May 2009 order. The appeals "involve common issues of law," N.C.R. App. P. 40, and, upon Ms. Littlejohn's motion, we consolidated these appeals for the purposes of hearing. Therefore, a single opinion addressing all issue properly presented is appropriate. See Putman v. Alexander, ___ N.C. App. ___, ___, 670 S.E.2d 610, 613 (2009).
A.G.T. ("respondent-mother") is the biological mother of the minor children C.S.P., J.P., and J.C.C. The putative fathers of the three minor children are not parties to the instant appeal. On 16 April 2008, the Davidson County Department of Social Services ("petitioner") filed juvenile petitions alleging all three minor children were neglected juveniles as a result of respondent-mother's continuing substance abuse. On 15 August 2008, the trial court entered an Adjudication Order in which it concluded that the three minor children were neglected juveniles as a result of respondent-mother's "extensive history of substance abuse and prostitution" and continued use of "crack." In its Disposition Order, entered the same day, the trial court similarly found that respondent-mother's whereabouts were unknown, that she continued to use crack, and that she continued to prostitute herself. The trial court additionally found that J.P. and J.C.C. currently resided in a non-relative placement with Ms. Littlejohn, who was willing to continue to assume custody of both J.P. and J.C.C. In a separate finding, the trial court stated that C.S.P. currently resided with the juveniles' maternal grandparents, Belinda and David Blackwell ("the Blackwells"), since 10 February 2008 and that the Blackwells had cared for C.S.P. on and off since her birth in 2004. The trial court awarded custody of the three minor children to petitioner, authorized placement of J.P. and J.C.C. with Ms. Littlejohn and placement of C.S.P. with the Blackwells, and set the permanent plan of care for the children as reunification with the respondent-parents. The trial court further ordered respondent-mother to submit to a substance abuse assessment and comply with the recommendations of the assessment, submit to random drug screens at petitioner's request, enter into a Family Services Case Plan with petitioner, complete parenting classes, maintain a suitable residence, and maintain gainful employment.
On 13 October 2008, the trial court held a review hearing pursuant to N.C.G.S. § 7B-906. In its Review Order, entered 20 November 2008, the trial court found respondent-mother had failed to follow any of the trial court's orders or make any efforts to reunify with her children. Accordingly, the trial court found continued efforts "to eliminate the need for placement of the [three minor children] . . . would be futile and would be inconsistent with the [children's] health, safety and need for a safe, permanent home within a reasonable period of time." The trial court ordered legal and physical custody of the children to remain with petitioner, but it changed the permanent plan for C.S.P. to guardianship with the Blackwells and the permanent plan for J.P. and J.C.C. to guardianship with Ms. Littlejohn.
On 10 November 2008, the trial court held a permanency planning hearing pursuant to N.C.G.S. § 7B-907. Both Ms. Littlejohn and Belinda Blackwell ("Mrs. Blackwell") were present at this hearing. The trial court entered its Permanency Planning Order on 3 February 2009 and, pursuant to N.C.G.S. § 7B-600, appointed the Blackwells as guardians of C.S.P. and Ms. Littlejohn as guardian of J.P. and J.C.C. The trial court further ordered that J.P. and J.C.C. have at least one overnight visit per week with the Blackwells, that Ms. Littlejohn and the Blackwells share visitation with J.P. and J.C.C. on Thanksgiving Day, that J.P. and J.C.C. visit with the Blackwells from 2:00 p.m. on Christmas day until 6:00 p.m. on 31 December, and that J.P. and J.C.C. visit with the Blackwells for at least two weeks during the summer. The trial court also relieved the Guardian ad Litem and the Attorney Advocate for the minor children from further responsibility. The order set 13 April 2009 as the date for the next review and permanency planning hearing.
On 15 January 2009, Mrs. Blackwell filed a motion requesting the trial court to produce the records for the three minor children and to allow Ms. Blackwell, through her attorney, to copy and inspect them. On 3 February 2009, Mrs. Blackwell additionally filed a Motion to Intervene in the juvenile cases. In this motion, Mrs. Blackwell argued that she "may be entitled to placement of all three minor children" and moved the trial court to enter an order placing the three minor children accordingly. The trial court heard Mrs. Blackwell's motions on 19 February 2009. In its order filed 10 March 2009, the trial court allowed Mrs. Blackwell to intervene in the juvenile cases and to inspect the juvenile court files.
On 13 April 2009, the trial court conducted a review and permanency planning hearing. Ms. Littlejohn was not present at the hearing. During the hearing, counsel for petitioner informed the trial court that he had contacted Ms. Littlejohn, who informed him that "her date was messed up somehow." The trial court entered its order from the hearing on 12 May 2009 and changed the permanent plan for all three minor children to guardianship with the Blackwells. In doing so, the trial court concluded that Ms. Littlejohn had "neglected her duties as guardian of the minor children" and it was in their best interest to dissolve Ms. Littlejohn's guardianship. Thus, the trial court dissolved the guardianship of Ms. Littlejohn and appointed the Blackwells as guardians of J.P. and J.C.C., pursuant to N.C.G.S. § 7B-600.
On 26 May 2009, Ms. Littlejohn filed a motion pursuant to N.C.G.S. § 1A-1, Rule 59, seeking a new trial on the issue of her guardianship of J.P. and J.C.C. In support of her motion, Ms. Littlejohn asserted that she was entitled to a new hearing because she lacked proper notice of the 13 April 2009 hearing and was, therefore, deprived of an opportunity to be heard on this issue. She also challenged various facts found by the trial court in its 12 May 2009 order. On 8 June 2009, the Blackwells moved to dismiss Ms. Littlejohn's motion, citing its untimely filing. The trial court conducted hearings on 8 and 29 June 2009. On 3 August 2009, the trial court, citing Ms. Littlejohn's failure to file her motion on time, entered its order denying Ms. Littlejohn's request for a new trial. The trial court also held that good cause did not exist to set aside the 12 May 2009 order because Ms. Littlejohn received sufficient notice of the 13 April 2009 hearing. Petitioner appeals from the 12 May 2009 order. Ms. Littlejohn appeals from both the 12 May 2009 order and the 3 August 2009 order.
Petitioner and Ms. Littlejohn have appealed from the trial court's 12 May 2009 order dissolving Ms. Littlejohn's guardianship of J.P. and J.C.C. While petitioner is a proper party to take an appeal from a juvenile order pursuant to N.C.G.S. § 7B-1002(3), it is well established that "[o]nly a `party aggrieved' may appeal from an order or judgment of the trial division. An aggrieved party is one whose rights have been directly and injuriously affected by the action of the court." In re J.A.P. and I.M.P., 189 N.C. App. 683, 687, 659 S.E.2d 14, 17 (2008) (citation omitted) (internal quotation marks omitted). Here, petitioner argues the trial court erred in terminating Ms. Littlejohn's guardianship. However, at the time the guardianship was terminated, Ms. Littlejohn had the sole "care, custody, and control of" J.P. and J.C.C. N.C. Gen. Stat. § 7B-600 (2009). Therefore, the trial court's termination of Ms. Littlejohn's guardianship does not directly or injuriously affect any of petitioner's rights and petitioner's arguments are not properly before this Court. Accordingly, we must dismiss petitioner's appeal from the trial court's 12 May 2009 order dissolving Ms. Littlejohn's guardianship of J.P. and J.C.C.
In Ms. Littlejohn's appeal from the trial court's 12 May 2009 order dissolving her guardianship of J.P. and J.C.C., she argues the trial court's order must be reversed because she failed to receive the required notice of hearing and notice of the purpose of the hearing. We agree.
"Whether a party has adequate notice is a question of law, which we review de novo." Swanson v. Herschel, 174 N.C. App. 803, 805, 622 S.E.2d 159, 160-61 (2005). "Notice is adequate if it is reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (internal quotation marks omitted).
From the record filed in the present case, it appears that Ms. Littlejohn did not receive adequate notice of the 13 April 2009 hearing. We first note that there is no indication in the record that Ms. Littlejohn was served with notice that a hearing was scheduled for 13 April 2009. Though the record contains an order dated 3 February 2009, which sets the review and permanency planning hearing for 13 April 2009, there is no evidence that Ms. Littlejohn was served with this order.
The trial court found, however, in its Finding of Fact 15: "[Ms. Littlejohn] was aware of the court date of April 13, 2009. It was announced in open court at the last hearing, for which she was present . . . ." Ms. Littlejohn has challenged this finding of fact. Thus, this finding is not binding on appeal unless it is supported by competent record evidence. Resort Realty of the Outer Banks, Inc. v. Brandt, 163 N.C. App. 114, 116, 593 S.E.2d 404, 408, appeal dismissed and disc. review denied, 358 N.C. 236, 595 S.E.2d 154 (2004).
After a careful review of the settled record before this Court, we find no competent evidence to support the trial court's finding. Though there is evidence that Ms. Littlejohn was present at the 10 November 2008 hearing, the transcripts of the proceedings as filed in this Court do not show that the 13 April 2009 court date was set in open court. Since there is no competent evidence to support the trial court's finding, we cannot conclude that the 13 April 2009 hearing date was actually announced in open court. See Gregory v. W.A. Brown & Sons, ___ N.C. App. ___, ___, S.E.2d ___, ___ (Jan. 29, 2010) (No. 447A08) ("The courts may set aside findings of fact only upon the ground they lack evidentiary support.").
The transcript of the 13 April 2009 hearing contains a suggestion by counsel for petitioner that Ms. Littlejohn was aware of an upcoming court date but that "her date was messed up somehow." However, the fact that Ms. Littlejohn may have known of a pending court hearing does not indicate that she knew of the purpose of the upcoming hearing. See Clayton v. Clayton, 54 N.C. App. 612, 614, 284 S.E.2d 125, 127 (1981) (holding that "[t]he petition . . . did not provide [the required] notice of a potential change in custody"). When a review or permanency planning hearing is scheduled, the clerk is required to give the guardian at least 15 days notice of the hearing. N.C. Gen. Stat. §§ 7B-906(a), 7B9-07(a) (2009). Additionally, the guardian is entitled to notice of the purpose of the review and permanency planning hearing. Id. In the present case, the 13 April 2009 hearing was set as a review and permanency planning hearing. At the hearing, however, the trial court additionally considered Mrs. Blackwell's request that "[t]he Court enter an order placing all three (3) minor children in [her] care." Therefore, based on the nature of the issues addressed at the 13 April 2009 hearing, Ms. Littlejohn was statutorily entitled to not only notice of the date of the hearing but also notice of the purpose of the hearing. Notwithstanding the trial court's Finding of Fact 15 to the contrary, there is no evidence in the record to show that Ms. Littlejohn was made aware of the purpose of the 13 April 2009 hearing.
Moreover, we cannot find competent evidence to support the trial court's finding that Ms. Littlejohn had notice that Mrs. Blackwell's request for custody of all three children would be heard on that date. The remainder of Finding of Fact 15 states that "Ms. Littlejohn was made aware that the issue of guardianship and custody was raised by the maternal grandparents by way of written motion and that the issue was before the Court." The evidence reveals that, in her Motion to Intervene, Mrs. Blackwell officially requested the trial court to issue an order placing all three children in her care. In the order allowing Mrs. Blackwell to intervene in the case, the trial court did not issue an order granting Mrs. Blackwell custody. However, it did conclude that "[Mrs. Blackwell] may be entitled to placement of all three (3) minor children" and that "[p]ursuant to N.C.G.S. § 7B-600, there are provisions in existing Juvenile Order addressing issues such as vistation/guardianship which may need to be enforced or modified in the future." There is no evidence in the record that this motion or order were served on Ms. Littlejohn.
At the 13 April 2009 hearing, the trial court addressed Mrs. Blackwell's request to have custody of all three children. During this proceeding, the foster care social worker, Anyel Wright, indicated that she had not informed Ms. Littlejohn of Mrs. Blackwell's motion for custody. She did state that she told Ms. Littlejohn that "Mrs. Blackwell is still pursuing, you know, getting both boys in her home with her." However, this statement indicates only that Ms. Littlejohn knew of Mrs. Blackwell's desire to have all three children in her care, not that Ms. Littlejohn was "made aware that the issue of guardianship and custody was raised by the maternal grandparents by way of written motion and that the issue was before the Court."
There is no evidence in the record from which we can conclude that Ms. Littlejohn had notice that a review and permanency planning hearing, at which the trial court would address Mrs. Blackwell's request to have custody of all three children, was scheduled. Instead, the only facts we can glean from the record before us is that Ms. Littlejohn was aware that there was an upcoming hearing and that Mrs. Blackwell desired to have J.P. and J.C.C. in her care. There is no indication that she knew the hearing was to be a review and permanency planning hearing or that the matter of Mrs. Blackwell's request to have custody of J.P. and J.C.C. would be addressed at that time. Accordingly, we conclude that Ms. Littlejohn was not afforded adequate "notice of the [13 April 2009] hearing and its purpose." N.C. Gen. Stat. § 7B-907(a); see also N.C. Gen. Stat. § 7B-906(a). As a result, Ms. Littlejohn was deprived of an "opportunity to present [her] objections." See Swanson, 174 N.C. App. at 805, 622 S.E.2d at 161. Accordingly, we must vacate the 12 May 2009 order dissolving Ms. Littlejohn's guardianship of J.P. and J.C.C. and remand this matter for a new hearing. Because we vacate the order, it is unnecessary to address the additional issues presented by Ms. Littlejohn on appeal. Likewise, our decision renders moot the issues raised in Ms. Littlejohn's appeal from the 3 August 2009 order denying her motion for a new trial and the appeal is dismissed.
COA09-1086  Dismissed in part; vacated and remanded in part.
COA09-1341  Dismissed.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).