IN THE MATTER OF: ANTOINE SWINDELL

No. 367PA89

(Filed 5 April 1990)

1. **Infants § 20 (NCI3d) — commitment of juvenile — failure to fully consider alternatives — moot**

   An assignment of error alleging that the trial court erred by committing a juvenile to training school without first considering the alternatives was moot where the record revealed that the juvenile was subsequently conditionally released.

   **Am Jur 2d, Appeal and Error § 764.**

2. **Infants § 10 (NCI3d) — Division of Youth Services ordered to develop new program — beyond court's authority under juvenile code**

   The district court erred when committing a juvenile to training school by ordering the State of North Carolina to develop and implement a specified adolescent sex offender program. The North Carolina Juvenile Code, N.C.G.S. § 7A-516 to § 7A-749, does not grant the district courts the authority to order the state to develop and implement specific treatment programs and facilities for juveniles.

   **Am Jur 2d, Infants § 22.**

Discretionary review of order entered by *Davis, J.,* at the 16 June 1989 Juvenile Session of ROWAN County District Court allowed *ex mero motu* prior to determination by the North Carolina Court of Appeals. Heard in the Supreme Court 15 February 1990.

*Lacy H. Thornburg, Attorney General, by John R. Corne, Assistant Attorney General, for the Division of Youth Services, Department of Human Resources.*

*David B. Wilson, Attorney for juvenile-appellant.*

**IN RE SWINDELL**

[326 N.C. 473 (1990)]

*Lacy H. Thornburg, Attorney General, by T. Lane Mallonee, Assistant Attorney General, for the Division of Social Services, Department of Human Resources.*

*Lacy H. Thornburg, Attorney General, by Doris J. Holton, Assistant Attorney General, for the state-appellee.*

MARTIN, Justice.

Our decision does not require an extensive recital of the facts. In brief, the evidence showed that Antoine Swindell, age thirteen, was adjudicated delinquent on 16 June 1989 on a petition alleging he raped his eleven-year-old female cousin. Antoine is mildly retarded, has an IQ of 57, and has repeated the first, second and third grades. He resides with his mother and three sisters and has not seen his father in ten years. This was Antoine's first court appearance.

The risk assessment prepared by the court psychologist indicated that Antoine was likely to be a repeat offender. This determination was based on his difficulties in school, his negative family relationships, his minimization of the victim's hurt, his resistance to discussing the offense, his unsophisticated view of sexuality, and his history of aggressive behavior. The psychologist recommended that the court either place the juvenile on probation and arrange for outpatient treatment or place the juvenile in an inpatient adolescent sex offender treatment facility. North Carolina presently has no such facility for the treatment of juvenile sex offenders. On 12 July 1989 the trial court committed Antoine to training school and ordered the state to develop and implement an adolescent sex offender treatment program for this and other juveniles "fitting his description" on or before 13 October 1989.

[1] Two issues arise on appeal. We do not have to decide the first as it is now moot. In that issue the juvenile contends that the trial court's order committing him to training school without first fully considering possible alternative treatment measures violated N.C.G.S. § 7A-652 and was reversible error. The record discloses that the juvenile was conditionally released from custody on 19 January 1990. "[A]s a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist." *Kendrick v. Cain,* 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1968); *N.C. State Bar v. Randolph,* 325 N.C. 699, 701, 386 S.E.2d 185, 186 (1989). By reason

IN RE SWINDELL

[326 N.C. 473 (1990)]

of the discharge of the juvenile from custody, the subject matter of this assignment of error has ceased to exist and the issue is moot. We therefore dismiss this assignment.

[2] Second, the Division of Youth Services contends that the trial court exceeded the scope of its authority in ordering the State of North Carolina to develop and implement a specified adolescent sex offender treatment program. We agree. The North Carolina Juvenile Code, N.C.G.S. § 7A-516 to § 7A-749, does not grant the district courts the authority to order the state, through the Division of Youth Services, to develop and implement specific treatment programs and facilities for juveniles. *In re Wharton*, 305 N.C. 565, 290 S.E.2d 688 (1982). The district court can recommend, but not order, that such facilities be developed.

Judge Davis' goal in serving the "best interests of the child" is commendable, and his plan for a special treatment program for juvenile sex offenders is highly worthwhile. However, there is a limit to what the judiciary can do. In ordering treatment and rehabilitation programs for juvenile delinquents, the courts must make do with what is currently provided by the General Assembly.

For the reasons stated, that part of the district court's order requiring the State of North Carolina, through the Division of Youth Services, to develop and implement a specified juvenile sex offender treatment program is vacated.

Dismissed in part; vacated in part.