IN THE MATTER OF MICHAEL COWLES

No. 9118DC758

(Filed 17 November 1992)

**Infants or Minors § 72 (NCI4th)— commitment of juvenile to training school — eighteenth birthday while appeal pending — no jurisdiction**

An appeal of an order committing a juvenile to training school was dismissed where the juvenile attained the age of eighteen while the appeal was pending. The district court retains jurisdiction over a delinquent juvenile until terminated by order of the court or until he reaches his eighteenth birthday. N.C.G.S. § 7A-524.

**Am Jur 2d, Juvenile Courts §§ 26, 27.**

**Age of child at time of alleged offense or delinquency, or at time of legal proceedings, as criterion of jurisdiction of juvenile court. 89 ALR2d 506.**

Judge WYNN concurring.

APPEAL by juvenile from order entered 28 March 1991 in GUILFORD County District Court by *Judge Lawrence C. McSwain.* Heard in the Court of Appeals 14 October 1992.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Marilyn A. Bair, for the State.*

*Judith G. Behar for juvenile-appellant.*

GREENE, Judge.

Michael Cowles (the juvenile) appeals from an order entered 28 March 1991, committing the juvenile to training school.

The evidence in the record establishes that the juvenile was born on 13 February 1974. Shortly before the juvenile's sixteenth birthday in February, 1990, four juvenile petitions were filed, each alleging that the juvenile had taken and used his mother's bank credit card without permission. The juvenile admitted the allegations and on 8 March 1990 was adjudicated delinquent under N.C.G.S. § 7A-517 (1989). After a dispositional hearing on 22 March 1990, the court found that the court counselor recommended that the juvenile be placed on probation for a period of twelve months, and that the juvenile "has caused some problems at home causing his parents to want the intervention of the Court." The court ordered that the juvenile (1) be placed on probation for a period of twelve months; (2) pay restitution for the use and benefit of his mother; (3) find either part-time or full-time employment and be gainfully employed during the period of his probation; (4) open a savings account and place at least ten percent of his weekly income into the account and not withdraw it without the permission of his court counselor or the court; and (5) cooperate in counseling and participate in any testing, evaluation, or counseling recommended by his court counselor.

Approximately six months later, in September, 1990, the court counselor submitted two motions for review. These motions alleged that the juvenile had violated the terms of his probation by stealing money from his parents and by breaking into a locked closet and taking his mother's car keys and driving her car without permission for an entire day, missing school. Following a hearing on the court counselor's motions, wherein the juvenile admitted the allegations, the court ordered that the juvenile continue on probation for an additional six month period under the same terms and conditions and with the additional special conditions that the juvenile cooperate with counseling at Youth Care for as long and with such frequency as the Youth Care agency deems appropriate, that the Youth Care counselor file a written report with the court, and that the juvenile seek employment and, if not found, that he perform service work as arranged for him by his court counselor.

Around the middle of October, 1990, the court counselor submitted to the court a progress report detailing the status of the

IN RE COWLES

[108 N.C. App. 74 (1992)]

juvenile with regard to his adjustment to his living situation, school, employment, and community, and his attitude and response to supervision. The report indicated that the juvenile had adjusted poorly in all areas, and that, although he had an "acceptable" attitude toward his court counselor, his response to supervision "has much to be desired." The report also stated that the juvenile's attendance at Youth Care counseling sessions had not been acceptable in that he continued to miss appointments for no reason. The court counselor recommended that the juvenile be detained for five days at the county detention center and that he be required to perform fifty hours of community service.

On 11 October 1990, the court after a dispositional hearing filed an order finding that the juvenile, among other things, had not been attending class, had not saved ten percent of his earnings, and had resigned from a job at a grocery store after being caught buying meat from another employee at a reduced price. The court also found that the juvenile had been in counseling in the community for five to ten years and that he had received private counseling at Charter Hospital. The court concluded that the juvenile had violated the conditions of his probation and was in need of the supervision of the court, and that the juvenile had not exhausted all community-based alternatives and needed to be continued under the supervision of the court. The court ordered that the juvenile continue on probation for a period of twelve months under the same conditions, and, in addition, that the juvenile spend five days in detention, then re-enroll in school and attend on a regular basis, that he continue his counseling at Youth Care, that he obtain employment, and that he complete twenty-five hours of community service.

On 3 January 1991, after a probationary review hearing, the court found that the juvenile had complied with the conditions of probation except for the condition requiring that he find employment. The court ordered the juvenile to obtain a job within thirty days. On 27 February 1991, the court counselor filed another progress report indicating that the juvenile's adjustment to his living situation had been poor and that he was currently living with a friend because his mother requested that he leave her home due to his refusal to comply with her rules. The report indicated that the juvenile continued to miss school, and stated that he had been receiving counseling at Youth Focus on a weekly basis. The report stated that "the court does not belong in the middle of" a fight between the juvenile and his mother, and that the juvenile,

IN RE COWLES

[108 N.C. App. 74 (1992)]

at age seventeen, did not belong on juvenile probation. The court counselor recommended that, "since all appropriate and useful resources have been attempted and/or exhausted, . . . that [the juvenile] be committed to training school for his consistent violations of probation, or that he be terminated from probation." The juvenile's counselor at Youth Focus submitted to the court a summary of the juvenile's progress indicating that, in his opinion, an acceptable alternative to training school would be group home placement.

After a review on 28 February 1991, the court found that placement at Methodist Children's Home was an option for residential placement for the juvenile, and that the juvenile agreed to such placement in lieu of training school, and accordingly ordered such placement, provided that it could be accomplished. The court continued the matter on 4 March 1991 in order to give the parties more time to secure placement. On 12 March 1991, the court counselor once again filed a motion for review, alleging numerous probation violations on the part of the juvenile. The court held a dispositional hearing on 28 March 1991, where it was revealed that, despite efforts of the juvenile's parents and others, timely placement in a group home was not possible. The juvenile's parents stated that, at this point, training school appeared to be the only option. The parents did not believe that it would be in the juvenile's best interest for the court to terminate its relationship with the juvenile. A placement in a group home was possible within four weeks of the hearing, and the court gave the juvenile the choice of either (1) waiting in detention for one week to determine if such placement would become available, and if such placement did not become available, then the court would conduct another review, or (2) immediately hearing the decision of the court. The juvenile rejected the court's option of waiting in detention for group home placement. The court then determined that all community-based alternatives had been exhausted, and committed the juvenile to the Division of Youth Services (training school). The court did not make a finding that the juvenile's behavior constituted a threat to persons or property in the community. The juvenile appealed, and on 8 April 1991, a stay of the order committing the juvenile to training school was granted pending hearing on appeal. The juvenile turned eighteen on 13 February 1992.

The issues presented by these facts are whether (I) the trial court properly concluded that all community-based alternatives to commitment to training school were exhausted; and (II) the trial court's failure to find that the juvenile's behavior constitutes a threat to persons or property in the community pursuant to N.C.G.S. § 7A-652(a), and the lack of evidence in the record to support such a finding, constitutes reversible error.

We do not have to decide the foregoing issues, as the dispositive fact with regard to this appeal is the juvenile's current age of eighteen. The district court retains jurisdiction over a delinquent juvenile "until terminated by order of the court or until he reaches his eighteenth birthday." N.C.G.S. § 7A-524 (1989). Thus, were we to affirm the trial court's order committing the juvenile to training school, the court would no longer have jurisdiction to enforce such commitment. And were we to discern error and reverse and remand, the trial court would be without jurisdiction to rehear the issues. In other words, this case is rendered moot by the fact that the juvenile turned eighteen while this appeal was pending. *See In re Doe*, 329 N.C. 743, 748 n.7, 407 S.E.2d 798, 801 n.7 (1991) (Court's decision as applied to juvenile moot due to fact that juvenile had already turned eighteen). Our Courts generally "will not hear an appeal when the subject matter of the litigation . . . has ceased to exist." *In re Swindell*, 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990) (citations omitted).

We note that this appeal is representative of a common problem in North Carolina relative to the commitment of juveniles to the Division of Youth Services. The appeal of a commitment order made pursuant to Section 7A-652 stays enforcement of the commitment "unless the judge orders otherwise." N.C.G.S. § 7A-668 (1989). Herein lies the dilemma. If the trial judge does not "order otherwise," the juvenile is not required to abide by the order, as it is stayed pending appeal. If the appellate court affirms the commitment order and the juvenile has at that time attained the age of eighteen, the juvenile can never be required to abide by the order since the juvenile is no longer subject to the jurisdiction of the juvenile court. On the other hand, the trial court may determine that, pending appeal, it is in the best interest of the juvenile or the State that the juvenile be committed. In this event, if the appellate court discerns error with regard to the commitment order, in light of the fact that the average period of commitment is 9.8 months, *see* Division of Youth Services Training School Monthly

**IN RE COWLES**

[108 N.C. App. 74 (1992)]

Report for September, 1992, the appellate court is often unable to provide the juvenile with effective relief since in most cases the juvenile has already fully complied with the commitment order and been released.

Because the time necessary to process an appeal approaches one year, many appeals of commitments made under Section 7A-652 are rendered moot by the time they are set for hearing in the appellate court. In the interest of sound public policy, solutions to this problem need to be considered. Such solutions could include, among others, an amendment to Section 7A-524 to, in cases where the juvenile turns eighteen while his commitment appeal is pending, allow the juvenile court to retain jurisdiction over the juvenile for a period equal to the time taken to process the appeal, or possibly an amendment to the Rules of Appellate Procedure to provide for expedited appeals in juvenile cases.

Appeal dismissed.

Judge WALKER concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I concur fully with the majority opinion except for that part which suggests as a solution that an amendment to Section 7A-524 be made to allow the juvenile court to retain jurisdiction over the juvenile beyond the age of eighteen. In my view, the more workable and meaningful solution is the other suggested solution of providing for expedited appeals in juvenile cases.