603 S.E.2d 356 (2004)
In the Matter of W.H.
No. COA03-1189.
Court of Appeals of North Carolina.
October 19, 2004
*357 Richard E. Jester, Louisburg, for the juvenile appellant.
Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.
McCULLOUGH, Judge.
This juvenile appeal arises from the following facts and circumstances: The juvenile admitted to misdemeanor assault inflicting serious injury on another student at his school. The offense occurred on 3 October 2003, while the juvenile was in his homeroom. The juvenile became angry with the student, the victim, who was looking at him. The juvenile began to threaten the victim and got in his face, saying, "See, I won't slam you." When the victim did not respond, the juvenile picked him up and body slammed him on the floor. The victim sustained injuries of bruised or fractured ribs, and a fractured elbow. The court entered a finding that the juvenile "did, in fact, commit the act as alleged in the petition."
At the same hearing, the juvenile admitted to a violation of a probation order that was based on previous minor offenses. The juvenile had violated the conditions of his probation by returning home after his curfew, and not cooperating with his group home placement.
The juvenile signed a Transcript of Admission (TOA) which stated that the most restrictive *358 disposition on the misdemeanor assault charge was a Level 2 disposition, "which could include, among other things, detention for up to fourteen (14) 24-hour periods, an order that you cooperate with placement in a wilderness program or a residential treatment facility, or house arrest." The TOA did not contain an admission to the probation violation. The Court, and the attorneys representing the State and the juvenile signed the TOA.
Based on both the probation violation and the adjudication of delinquency, the Court ordered the juvenile a Level 3 disposition, ordering the juvenile be placed in a juvenile development academy or a youth training center.
The juvenile raises three issues in this appeal: (I) the trial court erred in ordering the juvenile to a Level 3 disposition when the TOA stated his most restrictive disposition would be a Level 2; (II) the trial court failed to release the juvenile from custody pending his appeal, or failed to state any compelling reasons for keeping the juvenile in custody pending his appeal as is required by N.C. Gen.Stat. § 7B-2605 (2003); and (III) the trial court erred in ordering a Level 3 disposition based in large part on the fact the juvenile fractured the victim's ribs, though the evidence showed only that the victim's ribs were bruised.
Before turning to these issues, we first address the State's motion to dismiss this case for lack of jurisdiction based on the running of the statute of limitations. N.C. Gen.Stat. § 7B-2602 (2003) provides for the following:
[For] review of any final order ... [n]otice of appeal shall be given in open court at the time of the hearing or in writing within 10 days after the entry of the order.
In this case, the record shows the written dispositional order was entered on 21 November 2002, and the appeal filed 2 December 2002. Therefore, for the appeal to have been timely, it would have had to be filed by November 29. However, because this date fell on the Friday of a legal holiday (Thanksgiving), the next timely filing date was the following Monday, 2 December 2002. See N.C.R.App. P. 27(a) (2003). Therefore, the State's motion is denied and we now turn to the issues in this appeal.

I. Transcript of Admission
The juvenile asserts that the trial court erred in ordering a Level 3 disposition, when the juvenile's TOA indicated that the most restrictive disposition he was to be given on his charge was a Level 2. The State asserts that, during the hearing upon which the Level 3 disposition was based, the trial court informed the juvenile that the extent of its power, in light of the juvenile's prior record level, was to order the juvenile to training school, a Level 3 disposition. We agree with the juvenile.
We have long considered that the acceptance of an admission by a juvenile is tantamount to the acceptance of a guilty plea by an adult in a criminal case. In re Johnson, 32 N.C.App. 492, 493, 232 S.E.2d 486, 487-88 (1977). Thus, we have held that: "an `admission' in a juvenile hearing is equivalent to a guilty plea in a criminal case, and that the record must therefore affirmatively show on its face that the admission was entered knowingly and voluntarily." In re Chavis, 31 N.C.App. 579, 581, 230 S.E.2d 198, 200 (1976), cert. denied, 291 N.C. 711, 232 S.E.2d 203 (1977). The fundamental basis for this is that "[t]he privilege [against self-incrimination] applies in juvenile proceedings the same as in adult criminal cases." In re Burrus, 275 N.C. 517, 530, 169 S.E.2d 879, 887 (1969), aff'd, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971).
To ensure the knowing and voluntary nature of a juvenile's admission, the trial court must comply with the procedures set forth in N.C. Gen.Stat. § 7B-2407 (2003). Under this statute, the court must determine that "the admission is a product of informed choice" made without improper pressure and that a factual basis for the admission exists. N.C. Gen.Stat. § 7B-2407(b) and (c). Moreover, a court may accept a juvenile's admission only after first addressing the juvenile personally and informing the juvenile on a number of different factors related to the charge, one of which is:

*359 (6) Informing the juvenile of the most restrictive disposition on the charge.
N.C. Gen.Stat. § 7B-2407(a)(6). If the face of the record does not affirmatively show the trial court's compliance with N.C. Gen.Stat. § 7B-2407 and the knowing and voluntary nature of the juvenile's admission, the adjudication of delinquency will be set aside. In re Kenyon N., 110 N.C.App. 294, 296-97, 429 S.E.2d 447, 449 (1993).
In the case at bar, the TOA clearly indicated to all parties that the knowing and voluntary admission by the juvenile was based on the understanding that the most restrictive disposition he would receive was a Level 2. During the hearing, in attempting to comply with N.C. Gen.Stat. § 7B-2407(a)(6), the trial court had the following exchange with the juvenile:
Q: ... And did your lawyer tell you that the greatest power that I have in this courtroom is to be able to send people to training school?
A: Yes, sir.
Q: Now, I'm not saying that's what I'm going to do in your case. I don't know yet. It will depend on what all I hear, but I must let you know at least what my ultimate power is[.]
In light of the TOA, we believe the court did not sufficiently inform the juvenile of the most restrictive disposition that he himself could receive on the charge against him. The trial court did not mention that training school is a Level 3 disposition, and his mention of training school referred to sending "people" to training school based on certain charges, not this particular juvenile based on his charge. The court reflected its general power, not the extent of the court's power in this particular case.
Therefore, we cannot say that the juvenile's admission was knowing and voluntary. His admission was based on a belief that the most restrictive disposition he could receive was a Level 2, and the court, without sufficient notice to him or any accompanying chance to withdraw the admission, raised the most restrictive disposition he could receive to a Level 3.
As we have already held that a TOA is the equivalent to a plea agreement acting as a waiver of a juvenile's constitutional right against self-incrimination, we look to our laws related to criminal pleas for guidance on the proper resolution of this issue. N.C. Gen.Stat. § 15A-1024 (2003) provides that:
If at the time of sentencing, the judge for any reason determines to impose a sentence other than provided for in a plea arrangement between the parties, the judge must inform the defendant of that fact and inform the defendant that he may withdraw his plea. Upon withdrawal, the defendant is entitled to a continuance until the next session of court.
This law is clearly designed to ensure that a defendant's plea is knowing and voluntary, thus safeguarding the right against self-incrimination. Therefore, we hold that when a trial court plans to impose a disposition level higher than that set out in the TOA, the juvenile must be given a chance to withdraw his plea and be granted a continuance.
In State v. Puckett, 299 N.C. 727, 264 S.E.2d 96 (1980), where N.C. Gen.Stat. § 15A-1024 was not complied with, our Supreme Court reversed and remanded the case such that the trial court's judgments were vacated, defendant's pleas of guilty were stricken, and the case was to be reinstated on the trial docket. In the case at bar, the juvenile has already completed the Level 3 disposition. Therefore we believe the most just resolution in light of these circumstances is to reverse the trial court's Level 3 disposition, and remand the case ordering clerical changes be made giving the juvenile the benefit of a record showing him as having had a Level 2 disposition from the underlying offense of this case.[1]
On this issue, we reverse and remand.

*360 II. Custody Pending Appeal
Next, the juvenile contends the trial court erred in not ordering the juvenile be released pending appeal, or for not stating compelling reasons, in writing, to support an order that the juvenile remain in custody pending appeal in accord with N.C. Gen.Stat. § 7B-2605 (2003). We believe this issue is now moot in light of the fact that the juvenile has already served his Level 3 disposition and was discharged April of 2003. We note that the conclusions of law in this case specify the brutality of the incident at bar, and that the juvenile "deliberately chose to resist and not cooperate with out of home placement[,] [and][t]hat he is not willing to work with family members who are willing to offer their services to assist and help him." We believe these would otherwise suffice as "compelling reasons" under N.C. Gen.Stat. § 7B-2605 had the trial court properly ordered the juvenile to remain in custody pending appeal.

III. Serious Injury
Lastly, the juvenile contends that the trial court erred in ordering the juvenile to a Level 3 disposition, as this more severe disposition was based on an understanding by the court that the victim's ribs were fractured by the juvenile's assault. The juvenile argues that the evidence shows only that the victim's ribs were bruised. As we have reversed and remanded this case to correct the juvenile's disposition level to be a Level 2 in accordance with his TOA, this issue is also moot.
Reversed and remanded.
Judges McGEE and ELMORE concur.
NOTES
[1] We note that admission of the probation violation was not part of the TOA and could, in other circumstances, have been used to impose a Level 3 disposition despite the TOA. However, in this case defendant's probation was based only on prior minor offenses and therefore could not be used to elevate his commitment to a Level 3. See N.C. Gen.Stat. § 7B-2510(f) (2003).