IN THE MATTER OF: D.A.F., JUVENILE

No. COA06-83

(Filed 17 October 2006)

**1. Juveniles— commitment to youth development center— reasoned decision—exhaustion of community resources— no longer required**

The trial court did not abuse its discretion in committing to a youth development center a juvenile who admitted to first-degree sexual offense; given the evaluation presented to the court, the decision was the result of a reasoned decision. Exhaustion of

**IN RE D.A.F.**

[179 N.C. App. 832 (2006)]

community based alternatives is no longer required; the court must now select a disposition within statutory guidelines that protects the public and meets the needs of the juvenile.

## 2. Juveniles— disposition—juvenile's agreement—longer training school placement given

A juvenile disposition was reversed and remanded where the juvenile knowingly and voluntarily agreed in a transcript of admission to placement in a training school for an absolute maximum of his nineteenth birthday, not his twenty-first, as the disposition allowed.

Appeal by juvenile from order entered 1 September 2005 by Judge Marion R. Warren in Columbus County District Court. Heard in the Court of Appeals 21 September 2006.

*Attorney General Roy Cooper, by Assistant Attorney General Kathleen U. Baldwin, for the State.*

*Richard E. Jester for juvenile appellant.*

McCULLOUGH, Judge.

D.A.F. ("juvenile") appeals his disposition after having been found responsible for a first-degree sexual offense. We reverse and remand.

## FACTS

On 16 December 2004, four delinquent juvenile petitions were filed in Columbus County District Court alleging that juvenile did unlawfully, willfully, and feloniously engage in a sex offense with a child under the age of 13 years. On 15 March 2005, juvenile waived probable cause and entered an admission to one count of first-degree sex offense, which the juvenile court accepted. The transcript of admission ("TOA") signed by juvenile stated that the most restrictive disposition on the charge would be a level 3 disposition with commitment to the Office of Juvenile Justice for placement in training school for a minimum of six months and an absolute maximum of juvenile's 19th birthday. The State dismissed the other three counts. Disposition was continued until 3 May 2005.

The case was called for disposition, but was continued upon joint motion of the State and juvenile until 7 June 2005. On 7 June 2005, the trial court ordered that juvenile receive sex offender screening to

IN RE D.A.F.

[179 N.C. App. 832 (2006)]

assist in the disposition decision and continued the matter to 26 July 2005.

On 26 July 2005, a disposition hearing was conducted. The juvenile court counselor testified and recommended placement of juvenile in a secure facility. The juvenile court counselor also stated that he did not specifically explore any potential community-based treatment for juvenile. The trial court also heard testimony from witnesses for juvenile regarding an alternative treatment facility known as the Keystone Program at Pennsylvania Clinical Schools ("Keystone Program"). Juvenile's attorney argued that juvenile should be placed in the Keystone Program rather than in a secure facility in this state.

The trial court ordered juvenile to be committed to the Division of Youth Services for confinement to a training school or youth development center for a minimum of six months to a total period of confinement up to his 21st birthday. The judge also ordered that the parents participate in the treatment of their son. Later, the trial court issued a detailed order on 1 September 2005 with findings of facts and conclusions of law.

Juvenile appeals.

I.

[1] Juvenile first contends that the trial court erred in ordering him to a youth development center when community based alternatives were not exhausted and were not fully and properly explored by juvenile services workers. We disagree.

Juvenile cites *In re Groves*, 93 N.C. App. 34, 376 S.E.2d 481 (1989) in support of his contention. However, *In re Groves* was decided under a version of the Juvenile Code that has since been amended. Under the pre-1999 Juvenile Code, a commitment to the Division of Youth Services could only occur if alternatives to commitment were either attempted unsuccessfully or were considered and found to be inappropriate. *In re Robinson*, 132 N.C. App. 122, 125, 510 S.E.2d 190, 192 (1999). However, as we explained in 2002:

> For offenses occurring on or after 1 July 1999, courts are no longer bound by the language of former N.C. Gen. Stat. § 7A-646 (1998). Under the new Code, the directives found in former section 7A-646 that the trial court "select the least restrictive disposition" which is appropriate and that "[a] juvenile should not be committed to training school or to any other institution if he can

be helped through community-level resources" have been deleted. *See* N.C. Gen. Stat. § 7B-2501(c) (2001). . . . A textual analysis shows a more balanced statutory design emphasizing appropriate dispositions, with some limitations, rather than what had been interpreted as a mandate for the least restrictive alternative under the circumstances. *See In re Bullabough*, 89 N.C. App. 171, 185-86, 365 S.E.2d 642, 650 (1988).

*In re Robinson*, 151 N.C. App. 733, 736-37, 567 S.E.2d 227, 229 (2002).

Presently, the North Carolina General Statutes require trial courts to "select the most appropriate disposition both in terms of kind and duration for the delinquent juvenile." N.C. Gen. Stat. § 7B-2501(c) (2005). The trial court must choose a disposition that will protect the public and meet the needs and best interests of the juvenile. *Id.* The disposition chosen must be within the guidelines set forth in N.C. Gen. Stat. § 7B-2508 (2005) and must be based on the seriousness of the offense, the need to hold the juvenile accountable, the importance of protecting the public safety, the degree of culpability indicated by the circumstances of the particular case, and the rehabilitative and treatment needs of the juvenile indicated by a risk and needs assessment. N.C. Gen. Stat. § 7B-2501(c).

In the present case, the trial court accepted juvenile's admission that he committed a first-degree sexual offense, a class B1 felony. A class B1 felony is classified as a violent offense for purposes of calculating a juvenile disposition. N.C. Gen. Stat. § 7B-2508(a). The State's brief states that juvenile's delinquency history was "low" because he had no prior adjudications. Given these two factors, the violent offense and low delinquency history, the trial court could impose either a level 2 or level 3 disposition. N.C. Gen. Stat. § 7B-2508(f). We have been clear that "choosing between two appropriate dispositional levels is within the trial court's discretion." *In re Robinson*, 151 N.C. App. at 737, 567 S.E.2d at 229. We will not disturb a trial court's discretionary choice unless it is " 'so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* at 737, 567 S.E.2d at 229 (citations omitted).

In the present case, the evidence shows that the trial court's decision to impose a level 3 disposition was the result of a reasoned decision. For example, evidence in the record included a sex offender evaluation which concluded that juvenile had a strong sexual interest in younger children, that he could possibly reoffend, and that rape may be sexually exciting to juvenile. Further, the evaluation recom-

**IN RE D.A.F.**

[179 N.C. App. 832 (2006)]

mended that juvenile may be more suitable for treatment in a secure environment, thereby reducing the risk toward others while he is receiving treatment. Also, the evaluation stated that juvenile should not have unsupervised contact with any child aged 11 or younger without adult supervision.

Therefore, we disagree with juvenile's contention.

## II.

[2] Juvenile contends that the trial court erred in not properly advising him of the correct maximum custodial confinement during the admission transcript and in entering an order wherein the maximum custodial confinement was greater than that allowed for in the admission transcript. We agree.

Before turning to the issue, we note that the North Carolina General Statutes afford juvenile a right to appeal from the final order of his disposition after his delinquent adjudication. N.C. Gen. Stat. § 7B-2602 (2005). N.C. Gen. Stat. § 7B-2602 states that "[u]pon motion of a proper party . . . review of any final order of the court in a juvenile matter . . . shall be before the Court of Appeals. Notice of appeal shall be given in open court . . . or in writing within 10 days after entry of the order." N.C. Gen. Stat. § 7B-2602. In the instant case, the order was entered on 1 September 2005 and the notice of appeal was filed on 2 September 2005, so jurisdiction is proper.

The court may accept an admission from a juvenile only after first addressing the juvenile personally and, among other things, informing juvenile of the most restrictive disposition on the charge. N.C. Gen. Stat. § 7B-2407(a) (2005). We have held that when "a trial court plans to impose a disposition level higher than that set out in the TOA, the juvenile must be given a chance to withdraw his plea and be granted a continuance." *In re W.H.*, 166 N.C. App. 643, 647, 603 S.E.2d 356, 359 (2004). In *In re W.H.*, we determined that the trial court erred in ordering a level 3 disposition when the juvenile's TOA indicated that the most restrictive disposition he was to be given on his charge was a level 2. *Id.* at 645, 603 S.E.2d at 358. Our reasoning was based on the fact that "[w]e have long considered that the acceptance of an admission by a juvenile is tantamount to the acceptance of a guilty plea by an adult in a criminal case," and thus, "the record must therefore affirmatively show on its face that the admission was entered knowingly and voluntarily." *Id.* at 645-46, 603 S.E.2d at 358 (citations omitted).

**IN RE D.A.F.**

[179 N.C. App. 832 (2006)]

The instant case is similar to *In re W.H.* During the proceedings, the trial judge had the following exchange with juvenile:

COURT: Do you understand that you're admitting to the following charges: One count of first degree sex offense?

A: Yes sir.

COURT: Do you understand that the maximum possible disposition in this matter is you being committed to the Office of Juvenile Justice for a minimum of six months and for a period not to proceed [sic] your nineteenth birthday?

A: Yes sir.

Then, the trial judge accepted juvenile's admission, signed the transcript of admission, and adjudicated juvenile as a delinquent juvenile. The testimony is consistent with the transcript of admission in the record which illustrates that juvenile agreed to a level 3 disposition with a commitment to the Office of Juvenile Justice for placement in training school for a minimum of six months and an absolute maximum of juvenile's nineteenth (19th) birthday. Then, at the end of the proceedings, the trial judge ordered that juvenile was to be committed to the Division of Youth Services for confinement to a training school or Youth Development Center for a minimum of six months to a total period of confinement up to his 21st birthday. Based on our review of the record, we believe juvenile knowingly and voluntarily agreed to placement in training school for an absolute maximum of his 19th birthday, not his 21st birthday. Therefore, we agree with juvenile's contention. Juvenile's withdrawal of his admission places the parties as they were at the beginning of the proceedings.

Accordingly, we reverse and remand the case to the trial court. All four charges against juvenile are reinstated and the State is free to pursue them.

Reversed and remanded.

Judges WYNN and McGEE concur.