STATE OF NORTH CAROLINA
v.
RHONDA DENISE CHATMAN.
No. COA07-1499
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Christine A. Goebel, for the State.
John T. Hall, for defendant-appellant.
CALABRIA, Judge.
Defendant appeals from judgment revoking probation. We dismiss the appeal as moot.
On 18 September 2006, defendant was convicted of attempting to obtain a controlled substance by forgery. Judge Ronald E. Spivey, in Guilford County Superior Court, sentenced defendant to a minimum term of six months to a maximum term of eight months in the North Carolina Department of Correction. Defendant's sentence was suspended and she was placed on supervised probation for twenty-four months.
On 10 April 2007, a probation violation report was filed alleging that defendant had failed to comply with the terms of her probation. Specifically, the report alleged that defendant had missed office visits on 12 March and 19 March 2007.
On 7 June 2007, a probation violation hearing was held in Randolph County Superior Court. Judge W. Bradford Long ("Judge Long") found that defendant willfully violated the terms of her probation and revoked defendant's probation. Judge Long activated defendant's suspended sentence, modifying the sentence to a minimum term of four months to a maximum term of five months in the North Carolina Department of Correction. Defendant appeals.
In the case sub judice, the appeal entry reflects that the trial court denied release of defendant pursuant to N.C. Gen. Stat. § 15A-536 (2007). Consequently, defendant began immediately serving her sentence in the North Carolina Department of Correction on 7 June 2007. Five months from 7 June 2007 occurred on or about 7 November 2007. Thus, at its maximum, defendant's sentence expired before her appeal was filed with this Court.
This Court has stated:
"`[A]s a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist.' By reason of the discharge of the [Defendant] from custody, the subject matter of this [appeal] has ceased to exist and the issue is moot."
State v. Cross, ___ N.C. App. ___, ___, 655 S.E.2d 725, 725-26 (2008) (No. COA07-868) (alteration in original) (quoting In re Swindell, 326 N.C. 473, 474-75, 390 S.E.2d 134, 135 (1990)) (other citations omitted). See also In re Crowles, 108 N.C. App. 74, 422 S.E.2d 443 (1992) (Juvenile's appeal from training school commitment dismissed as moot where juvenile reached age of 18 years during pendency of appeal.).
Accordingly, we conclude that the subject of this appeal is moot and that defendant's appeal must be dismissed.
Appeal dismissed.
Chief Judge MARTIN and Judge STROUD concur.
Report per Rule 30(e).