IN THE MATTER OF: A.C.S., Juvenile
No. COA09-1152.
Court of Appeals of North Carolina.
Filed May 18, 2010.
Attorney General Roy Cooper, by Assistant Attorney General Juanita Twyford, for the State.
Geeta Kapur for Juvenile.

UNPUBLISHED OPINION
BEASLEY, Judge.
A.C.S.[1] appeals an order extending his commitment to a youth development center for a period of six months until 23 September 2009. We dismiss this appeal as moot.
On 30 January 2007, A.C.S. was adjudicated delinquent upon admission that he had committed the offense of assault on a government official. At the disposition hearing, the trial court found that A.C.S. was a Level 1 offender and placed him on probation for nine months. Subsequently, on 2 May 2007, A.C.S. received a Level 2 disposition, which included an extension of his probation through 28 April 2008, following his admissions to a probation violation and new allegation of injury to personal property. A.C.S. again admitted to violating the terms of his probation at a motion for review hearing on 24 July 2007, and at the disposition hearing on 17 September 2007 the trial court ordered him to serve fourteen days in detention and remain at Level 2. On 14 May 2008, where A.C.S. had admitted to further probation violations, the trial court again extended his probation, this time through 2 May 2009, and ordered that he be placed at a Level IV facility, the Keys of the Carolinas. A.C.S. was then adjudicated delinquent on 15 July 2008 after admitting to dispensing prescription drugs without a license.
On 15 August 2008, a hearing was held on two separate motions for review, and the trial court entered Level 3 Disposition and Commitment Order. The order committed A.C.S. to the Department of Juvenile Justice and Delinquency Prevention (DJJDP or Department) for placement in a youth development center (YDC) for a minimum of six months and for an indefinite period thereafter. Notwithstanding the minimum allowable six-month commitment, the order also provided that A.C.S. could remain committed for a maximum of 150 days before the DJJDP either released him or made a determination that his commitment should be extended. The commitment order was amended ex parte by the court counselor at the recommendation of the DJJDP, without notice or a hearing, and an amended order was entered on 15 January 2009. The amended order corrected the date of disposition of the probation terms that were violated; marked that A.C.S. had been adjudicated for a violent or serious offense such that Level III was authorized by statute, as the box was left unchecked on the original order; and provided for a six-month maximum commitment before the DJJDP either released Juvenile or decided his commitment should be extended. Although the parties dispute the significance of the 150-day maximum commitment noted on the original order and whether the amendment to six months was substantive or clerical, the order entered 2 April 2009 found as a fact that the 15 August 2008 order committed A.C.S. for an indefinite six-month term to a maximum term ending on A.C.S.'s eighteenth birthday. On 21 January 2009, the DJJDP sent a letter to Rosalyn Jones, Youth and Family Services Social Worker and guardian for A.C.S., as notification that the Department had determined an extension of A.C.S.'s commitment was necessary. A juvenile order was entered on 26 January 2009, memorializing Juvenile's objection to the DJJDP's decision to extend his commitment and his request for court review thereof. A hearing was held on 23 March 2009 to review the determination that Juvenile's commitment to the YDC should be extended for further rehabilitation. After considering the evidence and arguments of counsel, the trial court ordered that A.C.S. remain at the YDC until completing treatment and extended his commitment six months from the date of the hearing until 23 September 2009. The trial court entered a written order memorializing this ruling on 2 April 2009.
A.C.S. gave notice of appeal from the trial court's 23 March 2009 ruling extending his YDC commitment. Juvenile argues that the trial court: (1) violated his constitutional right to notice and a hearing by modifying the "fatally defective" 15 August 2008 order ex parte, thereby prolonging the date by which he must be notified of a possible extension of his commitment; (2) erred in concluding it had subject matter jurisdiction to extend A.C.S.'s commitment period where the Department of Juvenile Justice failed to comply with the statutory notice requirements; (3) erred by concluding A.C.S.'s original commitment period had begun on 25 August 2008 rather than 15 August 2008; and (4) violated N.C. Gen. Stat. § 7B-2515 by extending A.C.S.'s commitment period six months from the date of the 23 March 2009 hearing rather than the end date of the prior commitment order. We note that, although some of A.C.S.'s arguments on appeal pertain to the 15 August 2008 and 15 January 2009 orders, he did not file a similar notice of appeal from the original Level 3 Disposition and Commitment Order or the amended version thereof. However, because each issue raised in A.C.S.'s brief centers on the extension of his commitment, we dismiss the appeal as moot in its entirety and need not address whether some of the issues therein are not properly before the court.
"A case is `moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy[,]" and "[a]n appeal presenting a question which has become moot will be dismissed." Swanson v. Herschel, 174 N.C. App. 803, 805, 622 S.E.2d 159, 160 (2005) (internal quotation marks and citations omitted). "`[A]s a general rule this Court will not hear an appeal when the subject matter of the litigation has been settled between the parties or has ceased to exist.'" In re Swindell, 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990) (quoting Kendrick v. Cain, 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1968)); see also Smith v. Smith, 145 N.C. App. 434, 436, 549 S.E.2d 912, 914 (2001) ("Generally, an appeal should be dismissed as moot `[w]hen events occur during the pendency of [the] appeal which cause the underlying controversy to cease to exist.'"). This is so because:
Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.
In re Peoples, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978). In light of this rule and pertinent to the instant case:
Once a defendant is released from custody, "the subject matter of [that] assignment of error has ceased to exist and the issue is moot." However, "when the terms of the judgment below have been fully carried out, if collateral legal consequences of an adverse nature can reasonably be expected to result therefrom, then the issue is not moot[.]"
State v. Stover, ___ N.C. App. ___, ___, 685 S.E.2d 127, 130 (2009) (internal citations omitted).
Common to each of A.C.S.'s arguments on appeal is the underlying allegation that the extension of his commitment at the youth development center was improper. However, A.C.S. has already served his Level 3 disposition, as his filings with this Court indicate that he was released from YDC placement on or before 23 September 2009. In any event, the time period for which the challenged order extended A.C.S.'s commitment has expired. By reason of his discharge from the YDC at which A.C.S. was committed, the subject matter of this appeal has ceased to exist and the issues which revolve around the extension of such commitment are moot. See, e.g., Swindell, 326 N.C. at 474-75, 390 S.E.2d at 135 (holding juvenile's claim that the trial court had ordered him committed to training school without first considering possible alternative treatment measures was rendered moot by release of juvenile from custody prior to resolution of case on appeal); In re Cowles, 108 N.C. App. 74, 78, 422 S.E.2d 443, 445 (1992) (dismissing as moot juvenile's appeal from training school commitment when juvenile had reached age eighteen during the pendency of the appeal). Moreover, "[Juvenile] has not argued to the Court any collateral adverse legal consequences that may result from the length of [his] sentence." Stover, ___ N.C. App. at ___, 685 S.E.2d at 130-31. We therefore conclude the subject matter herein is moot and accordingly dismiss this appeal.
Dismissed.
Judges MCGEE and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] To protect the juvenile's privacy, his initials are used in this opinion.