MURPHY, Judge.
 

 *204
 

 *604
 
 B.B. appeals a
 
 Disposition and Commitment Order
 
 of the Caldwell County District Court. Where a juvenile has already been discharged from the custody of a Youth Development Center by reason of his or her age, "the subject matter ... has ceased to exist and the issue is moot."
 

 *605
 

 In re Swindell
 
 ,
 
 326 N.C. 473
 
 , 474,
 
 390 S.E.2d 134
 
 , 135 (1990). We dismiss B.B.'s appeal as moot.
 

 Our decision does not necessitate an extensive description of the background and procedural history of this matter. B.B. was adjudicated delinquent and received a Level 2 disposition of probation after admitting to assault inflicting serious injury by strangulation. Over a year later, the State filed a
 
 Motion for Review
 
 based on its allegation that B.B. had violated probation terms by engaging in a physical interaction. At the hearing before the District Court, B.B.'s attorney moved for a continuance because he had only met B.B. that afternoon and a potential witness-one of B.B.'s relatives-was unavailable to testify on that date. The trial court denied the motion for continuance and sentenced B.B. to a Level 3 disposition. B.B. was committed to a Youth Development Center for a minimum period of six months and an indefinite period not to exceed "the juvenile's eighteenth birthday" thereafter. On appeal, B.B. alleges the trial court "abused its discretion in denying Juvenile's first motion for a continuance in [the] probation revocation hearing...."
 

 "[A]s a general rule [our appellate courts] will not hear an appeal when the subject matter of the litigation has ... ceased to exist."
 
 Kendrick v. Cain
 
 ,
 
 272 N.C. 719
 
 , 722,
 
 159 S.E.2d 33
 
 , 35 (1968) (citations omitted). Our appellate courts apply the mootness doctrine in juvenile justice cases where the juvenile has reached the age of 18 during the pendency of their appeal.
 
 In re Swindell
 
 ,
 
 326 N.C. at 474
 
 ,
 
 390 S.E.2d at 135
 
 (dismissing as moot juvenile's appeal of trial court's order committing him to training school where the juvenile was released during the pendency of his appeal);
 
 In re W.H.
 
 ,
 
 166 N.C. App. 643
 
 , 648,
 
 603 S.E.2d 356
 
 , 360 (2004) (dismissing as moot juvenile's appeal of trial court's order regarding custody pending appeal where the juvenile had already served his disposition and been discharged);
 
 In re Cowles
 
 ,
 
 108 N.C. App. 74
 
 , 78,
 
 422 S.E.2d 443
 
 , 445 (1992) (declining to reach arguments on appeal because juvenile had reached the age of 18 during pendency of appeal). Here, B.B. reached the age of 18 during the pendency of this appeal. While the briefing period closed prior to B.B.'s 18th birthday, the Juvenile did not file a supplemental brief addressing mootness or present us with any collateral consequences that may stem from the disposition order in question.
 
 State v. Stover
 
 ,
 
 200 N.C. App. 506
 
 , 509-10,
 
 685 S.E.2d 127
 
 , 130-31 (2009). We need not reach the merits of this appeal and dismiss it as moot.
 

 DISMISSED.
 

 Judges DILLON and ARROWOOD concur.