MURPHY, Judge.
C.S. appeals a Disposition and Commitment Order of the Mecklenburg County District Court. Where a juvenile has already been discharged from the custody of a Youth Development Center by reason of his or her age, "the subject matter ... has ceased to exist and the issue is moot." In re Swindell , 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990). We dismiss C.S.'s appeal as moot.
Our decision does not necessitate an extensive description of the background and procedural history of this matter. In brief, C.S. was committed to placement in a Youth Development Center for a minimum of six months and a maximum period of "indefinite commitment" on 8 May 2015. In October 2016, C.S. was released from the Youth Development Center, conditioned upon Post-Release Supervision. In early 2017, C.S.'s juvenile court counselor filed a Motion for Review due to C.S.'s alleged violation of the post-release supervision plan. On 27 June 2017, C.S. was recommitted.
C.S. puts forth two issues for appeal, first alleging the trial court lacked jurisdiction to enter a disposition order, and second arguing the trial court "erred in ordering a Level 3 commitment ...." The record on appeal was filed on 25 April 2018, and C.S.'s Appellant's Brief was filed with us on 3 August 2018. Prior to this time, C.S. turned 18 years of age and was released from the Youth Development Center.
Our Supreme Court has consistently held that "as a general rule [our appellate courts] will not hear an appeal when the subject matter of the litigation has ... ceased to exist." Kendrick v. Cain , 272 N.C. 719, 722, 159 S.E.2d 33, 35 (1968) (citations omitted).
When, pending an appeal to this Court, a development occurs, by reason of which the questions originally in controversy between the parties are no longer at issue, the appeal will be dismissed [because] this Court will not ... proceed with a cause merely to determine abstract propositions of law or to determine which party should rightly have won in the lower court.
Benvenue Parent-Teacher Ass'n v. Nash Cty. Bd. of Educ., 275 N.C. 675, 679, 170 S.E.2d 473, 476 (1969). Our appellate courts have repeatedly recognized the mootness doctrine in the juvenile justice context where the juvenile has reached the age of 18 during the pendency of an appeal. In re Swindell , 326 N.C. 473, 474, 390 S.E.2d 134, 135 (1990) (dismissing as moot juvenile's appeal of trial court's order committing him to training school where the juvenile was released during the pendency of his appeal); In re W.H. , 166 N.C. App. 643, 648, 603 S.E.2d 356, 360 (2004) (dismissing as moot juvenile's appeal of trial court's order regarding custody pending appeal where the juvenile had already served his disposition and been discharged); In re Cowles , 108 N.C. App. 74, 78, 422 S.E.2d 443, 445 (1992) (declining to reach arguments on appeal because juvenile had reached the age of 18 during pendency of appeal).
Here, C.S. reached age 18 and was consequently released from the Youth Development Center during the pendency of this appeal. Further, C.S. does not present us with any argument that this appeal is not moot or that the disposition order at issue could cause any collateral legal consequences. State v. Stover , 200 N.C. App. 506, 509-10, 685 S.E.2d 127, 130-31 (2009). In sum, we need not reach the merits of this appeal and dismiss it as moot.
DISMISSED.
Report per Rule 30(e).
Judges DILLON and ARROWOOD concur.