IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-613

No. COA21-353

Filed 16 November 2021

Cumberland County, No. 19 JB 353

IN THE MATTER OF:

J.G.

Appeal by respondent-juvenile by writ of certiorari from adjudication order entered 5 October 2020 by Judge Sam Hamadani in Wake County District Court and amended dispositional order entered 7 April 2021 by Judge Cheri Siler-Mack in Cumberland County District Court. Heard in the Court of Appeals 19 October 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Zachary K. Dunn, for the State.*

*Law Office of Kellie Mannette, PLLC, by Kellie Mannette, for respondent-appellant juvenile.*

ZACHARY, Judge.

Respondent-juvenile "Jake" appeals from the trial court's orders adjudicating him to be a Level 3 delinquent juvenile and committing him to a Youth Development Center. After careful review, we reverse the adjudication and disposition orders and remand for further proceedings.

***Background***

¶ 2        The relevant facts are few. On 5 October 2020, Jake appeared in Wake County District Court on four juvenile petitions, one alleging that he had committed the offense of breaking or entering a motor vehicle. Jake, his counsel, and the prosecutor entered into a transcript of admission, in which Jake admitted to one count of breaking or entering a motor vehicle. The juvenile court accepted and signed the transcript of admission. The transcript of admission provided that the "most serious/severe disposition" on the charge was a Level 2 disposition. The juvenile court also informed Jake that the most serious disposition that he could face for the breaking or entering charge was a Level 2 disposition, "which could include, among other things, detention for up to 14 24-hour periods, placement in a wilderness program or a residential treatment facility, or house arrest[.]" The State dismissed the three remaining charges, and the court adjudicated Jake to be delinquent and transferred his case to Cumberland County District Court for disposition.

¶ 3        The disposition hearing was held on 24 February 2021 in Cumberland County District Court. After evaluating Jake's prior history with the juvenile court system, the court concluded that it "ha[d] no other alternative but to recommend and [o]rder a Level [3] Disposition." On 25 February 2021, the court entered its order directing that Jake be committed to a Youth Development Center for a minimum of 6 months, with the term of commitment not to exceed his 20th birthday. On 12 March, 22 March,

and 7 April 2021, the juvenile court entered amended orders that continued the Level 3 disposition. On 25 February 2021, Jake gave written notice of appeal.

### Grounds for Appellate Review

¶ 4      As a preliminary matter, we address our jurisdiction to consider the merits of Jake's appeal. Although Jake filed a written notice of appeal, his notice was not sufficient to confer jurisdiction on this Court.

¶ 5      First, the notice did not comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure. Although the notice included the correct name and juvenile court file number for Jake's case, it did not otherwise properly identify the orders being appealed, specify the court to which the appeal was directed, or include the requisite proof of service of the notice on the State. *See* N.C.R. App. P. 3; N.C. Gen. Stat. § 7B-2602 (2019). Moreover, the juvenile court entered three amended dispositional orders after Jake's notice of appeal was filed on 25 February.

¶ 6      Generally, when a juvenile "has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *In re E.A.*, 267 N.C. App. 396, 397, 833 S.E.2d 630, 631 (2019) (citation omitted). Accordingly, Jake's appeal is subject to dismissal. *In re I.T.P–L.*, 194 N.C. App. 453, 459, 670 S.E.2d 282, 285 (2008), *disc. review denied*, 363 N.C. 581, 681 S.E.2d 783 (2009).

¶ 7        However, during the pendency of this appeal, Jake's appellate counsel filed a petition for writ of certiorari with this Court. For the reasons explained below, we allow Jake's petition for writ of certiorari.

¶ 8        Pursuant to Rule 21, this Court may allow a petition for writ of certiorari in juvenile cases "to permit consideration of their appeals on the merits so as to avoid penalizing [r]espondents for their attorneys' errors." *Id.* at 460, 670 S.E.2d at 285 (allowing petitions for writ of certiorari where respondent-parents filed "timely, albeit incomplete, notices of appeal").

¶ 9        Here, although not properly perfected, Jake's notice of appeal clearly demonstrated his intent to appeal the adjudication and disposition orders: it was filed the day after the dispositional hearing, it referenced the correct juvenile court file number, and it was titled "Notice of Appeal." Additionally, for reasons more fully explained below, there is no resulting prejudice to the State, which concedes the trial court's error. Thus, pursuant to Rule 21, we allow Jake's petition for writ of certiorari and proceed to the merits of his appeal. N.C.R. App. P. 21(a)(1).

### *Discussion*

¶ 10        Jake asserts that the juvenile court erred in ordering a Level 3 disposition, when the transcript of admission provided, and the juvenile court informed him, that the most severe disposition that he would receive was a Level 2. Such error, Jake argues, rendered his admission to the relevant offense neither knowing nor

voluntary, and consequently requires reversal of the adjudication and disposition orders. The State concedes the juvenile court's error, and after careful review, we agree.

¶ 11    "We have long considered that the acceptance of an admission by a juvenile is tantamount to the acceptance of a guilty plea by an adult in a criminal case." *In re W.H.*, 166 N.C. App. 643, 645, 603 S.E.2d 356, 358 (2004). The record in a juvenile case "must therefore affirmatively show on its face that the admission was entered knowingly and voluntarily." *Id.* at 646, 603 S.E.2d at 358 (citation omitted).

¶ 12    Section 7B-2407 of the Juvenile Code requires that the trial court inform the juvenile, inter alia, "of the most restrictive disposition on the charge" before accepting the juvenile's admission. N.C. Gen. Stat. § 7B-2407(a)(6). "If the face of the record does not affirmatively show the trial court's compliance with N.C. Gen. Stat. § 7B-2407 and the knowing and voluntary nature of the juvenile's admission, the adjudication of delinquency will be set aside." *In re W.H.*, 166 N.C. App. at 646, 603 S.E.2d at 359. "[W]hen a trial court plans to impose a disposition level higher than that set out in the [transcript of admission], the juvenile must be given a chance to withdraw his plea and be granted a continuance." *Id.* at 647, 603 S.E.2d at 359.

¶ 13    In the present case, Jake's "admission was based on a belief that the most restrictive disposition he could receive was a Level 2, and the [juvenile] court, without sufficient notice to him or any accompanying chance to withdraw the admission,

raised the most restrictive disposition he could receive to a Level 3." *Id.* Thus, as the State concedes, Jake's admission was not knowing and voluntary, and the adjudication of delinquency, as well as the disposition order, must "be set aside." *Id.* at 646, 603 S.E.2d at 359. The reversal of the orders "places the parties as they were at the beginning of the proceedings." *In re D.A.F.*, 179 N.C. App. 832, 837, 635 S.E.2d 509, 512 (2006).

## *Conclusion*

Accordingly, we vacate the transcript of admission, reverse the juvenile court's adjudication order and amended disposition order, and remand for further proceedings consistent with this opinion.

VACATED IN PART, REVERSED IN PART, AND REMANDED.

Judges MURPHY and COLLINS concur.